INTERNATIONAL AIR CONDITIONING CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

INTERNATIONAL MANUFACTURING COMPANY, AN OKLAHOMA CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5407–75, 5411–75. Filed October 20, 1976.

*Tom G. Parrott,* for the petitioners.
*James D. Thomas,* for the respondent.

OPINION

Wiles, *Judge:* On March 17, 1976, each petitioner filed a "Motion for Order Compelling the Respondent to Serve Adequate and Complete Answers to Petitioner's Interrogatories or to Render a Judgment by Default Against the Respondent" (Interrogatories Motions). On March 26, 1976, each petitioner filed a "Motion for Order to have the Petitioner's Request for Admissions Deemed Admitted" (Admissions Motions). Oral arguments on these motions were heard May 10, 1976, at Lubbock, Tex.

The events leading to the argument of these motions are as follows: On March 18, 1975, respondent issued petitioners notices of deficiency. Subsequently, petitions and answers were properly filed with this Court. On December 16, 1975, petitioners mailed respondent a letter, the first paragraph of which reads:

> The petitioners in the above-entitled Tax Court cases are interested in accomplishing a mutually-satisfactory resolution of the issues involved therein at the earliest possible date. To this end, we would like to schedule a settlement conference to begin our efforts to resolve part, if not all, of these issues. However, before we will be able to effectively participate in a settlement conference, we need to be furnished with certain information which is necessary to clarify the adjustments set forth in the Notice of Deficiency.

Following this first paragraph, petitioners then posed 42 paragraphs of questions. These questions included procedural matters such as the dates on which petitioners filed income tax returns, whether the statute of limitations had been extended, and if so, under what statutory provisions. Beyond mere procedural matters, petitioners posed questions of greater complexity including requests for "all legal theories and positions relied upon in support of respondent's determination"; "all facts and describe all documentary evidence relied upon in support of the legal theories and positions"; "all sections of the *Code,* Treas. Regs., and all Revenue Rulings, Court cases and other legal authorities relied upon in support of the legal theories and positions." Petitioners' December 16, 1975, letter also noted:

> If you would prefer to furnish this information personally, we will reserve the conference room at our office for whatever date * * * that is convenient for you.

This letter constitutes our informal request for the above information, pursuant to Rule 70(a)(1) of the Tax Court's Rules of Practice and Procedure.

On December 19, 1975, respondent replied to petitioners' December 16, 1975, letter. Respondent's reply noted the date petitioners' income tax returns were filed, noted that no exception to the statute of limitations was relied on, since the statute of limitations was not in issue, and finally responded:

With respect to your request for the respondent's legal theories and authorities relied upon with respect to the various issues, please be advised that the respondent has not relied upon any unpublished rulings or other authorities not available to the petitioner.

Respondent then scheduled a conference for the purpose of resolving issues for January 8, 1976.

On December 23, 1975, petitioners replied to respondent's December 19, 1975, letter. In their reply, petitioners objected to the perfunctory treatment given by respondent to petitioners' questions. Petitioners' counsel also declined to attend any conferences stating:

I believe that your furnishing of the information requested herein is a necessary prerequisite to our participation in a meaningful settlement conference. Accordingly, I must decline your invitation for a settlement conference on January 8, 1976, unless you can make the requested information available one week in advance of such date. * * *

On January 15, 1976, petitioners mailed respondent interrogatories in accordance with Rule 71, Tax Court Rules of Practice and Procedure.[1] These interrogatories were identical to the questions asked respondent in petitioners' December 16, 1975, letter, including questions previously answered in respondent's December 19, 1975, letter. In respondent's reply dated February 27, 1976, interrogatories involving procedural matters were again answered, but interrogatories involving legal theories, sections of the Internal Revenue Code, revenue rulings, and case law were objected to on three grounds: (1) The information sought constituted materials in preparation of litigation; (2) the requests were excessively broad and vague; and (3) petitioners' declination to attend an informal conference was in contravention of Rule 70(a)(1), which urges informal consultation or communication before utilizing the

---

[1] All references to a Rule are to the Tax Court Rules of Practice and Procedure.

discovery procedures provided by the Tax Court Rules of Practice and Procedure.

Prior to receiving respondent's answers to the interrogatories, and apparently in anticipation of respondent's objections that they were unnecessarily broad and vague, petitioners, on February 16, 1976, mailed respondent requests for admissions pursuant to Rule 90. Generally, these requests for admissions asked respondent to admit that petitioners' interrogatories were similar to interrogatories posed by respondent in other cases. On March 11, 1976, respondent replied to petitioners' requests for admissions and generally objected to them as not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Finally, on March 17, 1976, and March 26, 1976, petitioners filed, respectively, the Interrogatories Motions and the Admissions Motions here in question.

Rule 70(a)(1) states in part:

In conformity with these Rules, a party may obtain discovery by written interrogatories (Rule 71) or by production of documents or things (Rules 72 and 73). However, the Court expects the parties to attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules. * * *

The importance of informal consultation was emphasized by this Court in *Branerton Corp.*, 61 T.C. 691 (1974). In *Branerton*, prior to any informal discussion, consultation, or communication, taxpayer served written interrogatories on respondent. In granting respondent's motion for a protective order under Rule 103, we noted at page 692:

The discovery procedures should be used only after the parties have made reasonable informal efforts to obtain needed information voluntarily. For many years the bedrock of Tax Court practice has been the stipulation process, now embodied in Rule 91. Essential to that process is the voluntary exchange of necessary facts, documents, and other data between the parties as an aid to the more expeditious trial of cases as well as for settlement purposes. The recently adopted discovery procedures were not intended in any way to weaken the stipulation process. [Fn. ref. omitted.]

As in *Branerton*, respondent has offered to meet informally with petitioners' counsel. Despite respondent's desire to informally discuss the substantive issues, petitioners' counsel has refused to attend any meetings or conferences prior to

receiving complete responses to detailed questions asked in his December 16, 1975, letter to respondent[2] and repeated in the interrogatories served on respondent on January 15, 1976. Such a prerequisite to attending an informal conference demonstrates an intransigence that is contrary to the spirit of Rule 70(a)(1).

Petitioners stated in their December 16, 1975, letter that the series of questions posed constituted their "informal request for the above information, pursuant to Rule 70(a)(1)." Petitioners, however, have misread Rule 70(a)(1). Rule 70(a)(1) does not speak of making informal "requests" prior to making formal "requests" under Rule 71. If this were all Rule 70(a)(1) was intended to accomplish, it would serve little purpose. Rather, Rule 70(a)(1) contemplates "consultation or communication," words that connote discussion, deliberation, and an interchange of ideas, thoughts, and opinions between the parties. Petitioners' refusal to enter into any informal discussion prior to receiving responses to interrogatories—whether formally submitted under Rule 71, or informally submitted in a letter—"sharply conflicts with the intent and purpose of Rule 70(a)(1) and constitutes an abuse of the Court's procedures." *Branerton Corp., supra* at 692. Therefore, petitioners' Interrogatories Motions should be denied, and respondent need not further answer these interrogatories at this time.

Petitioners, by way of their Admissions Motions, attempt to show that in prior cases respondent has both asked and answered interrogatories similar to those asked by petitioners. Using such an admission, petitioners hope to defeat respondent's objection that petitioners' interrogatories are "excessively broad and vague." Since we have concluded that petitioners' Interrogatories Motions should be denied because petitioners have not yet made good faith efforts to comply with Rule 70(a)(1), we need not decide whether petitioners' interrogatories are excessively broad and vague. Therefore, no

---

[2] Although petitioners' Dec. 16, 1975, letter indicated that respondent could personally furnish answers to petitioners' questions at an informal meeting, petitioners' position was modified by their Dec. 23, 1975, letter that required respondent to furnish complete written responses to all questions at least 1 week prior to any conference.

purpose would be served by granting petitioners' Admissions Motions.

Since these cases have not been scheduled for trial and in order to properly narrow the issues in conflict and facts in dispute, and to take advantage of the stipulation process on which this Court depends, the parties will be directed to participate, in good faith, in informal conferences during the next 90 days. After that time if there are matters still unsettled, the parties may resort to the formal discovery provisions of the Tax Court Rules.

*Appropriate orders will be issued.*