GEORGIA M. BEATTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beatty v. Commissioner
Docket No. 8509-78.
United States Tax Court
T.C. Memo 1980-21; 1980 Tax Ct. Memo LEXIS 566; 39 T.C.M. (CCH) 927; T.C.M. (RIA) 80021; January 23, 1980, Filed Georgia M. Beatty, pro se. William T. Overton, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651 (a) [1]
Sec. 6653(a)
Sec. 6654
1974
$2,157.48 $ 708.10
$141.62
$ 63.65
1975
2,745.62
867.89
173.58
111.05
1976
3,934.86
1,179.43
235.89
139.59
This case comes before us on respondent's motion to dismiss for failure properly to prosecute. Petitioner Georgia M. Beatty filed "tax protester returns" for each of the years in issue. [2] These "returns" were Forms 1040 which contained her name and address, were *567 signed by her, and stated she was married to James E. Beatty, but otherwise contained no information disclosing her taxable income. Each "return" was accompanied by between 36 and 115 pages of photo-copied materials supporting various constitutional objections to Fedeal income taxation. The petition initially filed in this case challenged this Court's "unlawful Equity Jurisdiction," demanded a jury trial in a Federal common law court, and declared that petitioner would not be arbitrarily, hauled into a Chancery Court to show cause, for anything, at every whim of an Unelected Bureaucrat (Executive Department.) By an Unlawful Equitable Writ or application issuing from the Executive or Administrative Department. (90 Day False [Assessment).] On respondent's motion and a hearing in due course, this petition was dismissed for failure to state a claim upon which relief which be granted. However, this Court later vacated its order entering a decision for respondent, and petitioner was granted leave to file an amended petition in which she disputed the entire amount *568 of the deficiency for each year in issue. About three months prior to trial, counsel for respondent invited petitioner to meet informally to exchange information and discuss a stipulation of agreed facts. Two to three weeks before trial, the Court sent petitioner a form letter sent to many taxpayers handling their own cases explaining that Rule 91, Tax Court Rules of Practice and Procedure, requires all parties to stipulate facts not in dispute to the fullest extent possible. The letter further explained that petitioner would have to meet with respondent's counsel and present her records to him for this purpose, and that the burden was on her to show the adjustments in the deficiency notice were incorrect. See Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner did not meet with respondent's counsel prior to trial. In due course her case came on for trial. Petitioner appeared at the call of the calendar and filed a "Motion for Presiding Judge William M. Fay to Disqualify Himself from This Case; And/Or a Trial by Jury." The grounds for the motion were that the Court had shown bias and prejudice by requiring petitioner to submit her records to respondent and *569 that the trial judge had, at one time during his professional career, been employed by respondent. This motion was denied in open court. See Laird v. Tatum,409 U.S. 824 (1972) (memorandum of J. Rehnquist); United States v. Kelly,556 F.2d 257, 262-263 (5th Cir. 1977), cert. denied 434 U.S. 1017 (1978); Neil v. United States,205 F.2d 121, 125 (9th Cir. 1953). See also Swanson v. Commissioner,65 T.C. 1180 (1976) (no jury trial in Tax Court). The Court also explained to petitioner that by filing her petition she chose to appear before the Tax Court and that she would therefore have to comply with our Rules. See Rule 123, Tax Court Rules of Practice and Procedure. Petitioner was again directed to meet with respondent and produce the records upon which she intended to rely so that facts could be stipulated and those matters not in dispute could be settled. Petitioner agreed, but subsequently refused to produce her records for respondent's inspection. When the case was called for trial the next day, petitioner did not appear. She instead submitted three documents entitled "Petitioner's Stipulation *570 of Facts," "Petition for Judgment on the Pleadings," and "Memorandum to Support Stipulation of Facts; Petitioner's Petition for Judgment of the Pleadings; and for a Trial by Jury." The general trust of these documents is that because the adjustments in respondent's notice of deficiency were determined in the absence of adequate records, respondent made up the numbers. Petitioner apparently feels that by producing her records she would be waiving her constitutional rights. These arguments are totally without merit. See United States v. Johnson,577 F.2d 1304, 1310-1311 (5th Cir. 1978); Wilkinson v. Commissioner,71 T.C. 633 (1979). Petitioner bears the burden of demonstrating that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Furthermore, as the Court explained to petitioner who she appeared at the call of the calendar, the informal process by which parties are required to stipulate matters not in dispute is fundamental to this Court's efficient performance of its duties. International Air Conditioning Corp. v. Commissioner,67 T.C. 89 (1976); *571 Barnerton Corp. v. Commissioner,61 T.C. 691 (1974). All of petitioner's other arguments are the type of frivolous, so-called "constitutional" issues that have become all too familiar in "tax protester" cases and have been consistently rejected by this and othe Courts. See White v. Commissioner,72 T.C. 1126 (Sept. 20, 1979) and cases cited; Wilkinson v. Commissioner,supra, and cases cited. Because petitioner has refused to comply with the rules of this Court and because she failed to appear at trial, respondent's motion to dismiss for failure properly to prosecute is granted. Rule 123(b), Tax Court Rules of Practice and Procedure; Freedson v. Commissioner,565 F.2d 954 (5th Cir. 1978), affg. 67 T.C. 931 (1977). [3] See sec. 7459(d). Accordingly, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. See, e.g., United States v. Johnson,577 F.2d 1304, 1311↩ and cases cited (5th Cir. 1978).
3. See also Pradmore v. Commissioner,T.C. Memo. 1975-150; Bendickson v. Commissioner,T.C. Memo 1979-67; Fogle v. Commissioner,T.C. Memo. 1978-200; Soester v. Commissioner,T.C. Memo. 1977-385↩.