IRVIN C. SCHEEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scheel v. Commissioner
Docket No. 9016-78.
United States Tax Court
T.C. Memo 1980-539; 1980 Tax Ct. Memo LEXIS 49; 41 T.C.M. (CCH) 486; T.C.M. (RIA) 80539; December 4, 1980
*49 Irving C. Scheel, pro se. Marc J. Winter and Richard Goldman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on the Court's order to show cause why respondent's motion for judgment on the pleadings filed herein should not be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*50 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on the Court's order to show cause why respondent's motion for judgment on the pleadings filed on August 4, 1980, pursuant to Rule 120, Tax Court Rules of Practice and Procedure, [2] should not be granted. Respondent, in his notice of deficiency issued to petitioner on May 9, 1978, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1976 in the amount of $2,805. [3]
The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency to petitioner on May 9, 1978. On July 31, 1978, petitioner timely filed his petition, in response to which respondent timely filed his answer on September 18, 1978. Prior to engaging in informal *51 consultation or communication with respondent's trial counsel and in violation of Rule 70(a)(1), [4] petitioner, on or about March 13, 1979, served upon said counsel "Plaintiff's First Interrogatories to the Defendant". As a result thereof, respondent filed a motion for protective order on April 3, 1979, and petitioner filed a "Motion to Require Answers to Interrogatories" On May 7, 1979. After hearing at Washington, D.C., on May 9, 1979, respondent's motion was granted and petitioner's denied. Thereafter, the case was set for trial at Los Angeles, California, on May 12, 1980, After it had been called three times from that calendar, it was then continued generally for trial in due course. As recited before, on August 4, 1980, respondent *52 filed his motion herein being considered. That motion, based upon the ground that petitioner has failed to state a cause of action in his petition, was calendared for hearing at Washington, D.C., on September 24, 1980. Petitioner did not appear, nor did he file a response to respondent's motion. The Court, desiring to afford petitioner an opportunity to file a proper amended petition and, thus, ultimately have "his day in Court", issued an order on September 24, 1980, giving him until November 7, 1980, in which to do so. [5] No such amended petition has been filed. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[c]lear and concise lettered statements of the facts on which petitioner bases the *53 assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. The record here in clear. Petitioner has not assigned any errors with respect to the substantive adjustment to his income which was made by respondent in his notice of deficiency. Nor has the petitioner alleged any facts to show that respondent erred in making the adjustment. Further, he has failed to file a proper amended petition and to show cause why respondent's motion for judgment on the pleadings should not be granted. Hence, respondent has established that there is no genuine issue as to any material fact present in this case. [6] It therefore follows that a decision may be rendered for the respondent as a matter of law. His motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered. Footnotes
1. Since the Court's order to show cause is predicated upon a pretrial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on November 19, 1980. Petitioner did not appear nor did he file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum of authorities in support thereof and the Court's notice setting the motion for hearing were served on petitioner by the Court on August 12, 1980. Moreover, petitioner filed no response to the Court's order to show cause which was served upon him by the Court on September 24, 1980, together with a Memorandum Sur Order.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. This deficiency is principally predicated upon an adjustment increasing income in the amount of $16,364.44 for wages received by petitioner during 1976, as reflected by Form W-2 issued by his employer, which petitioner did not report on his 1976 individual Federal income tax return.↩
4. The rule provides, in pertinent part-- "However, the Court expects the parties to attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." [Emphasis added.] See Branerton Corporation v. Commissioner, 61 T.C. 691 (1974); International Air Conditioning Corporation v. Commissioner, 67 T.C. 89↩ (1976).
5. Together with that order, the Court served on petitioner a Memorandum Sur Order advising petitioner as to the reasons for which his petition is deficient and setting forth in precise detail what he must do in filing a proper amended petition.↩
6. In such circumstances, respondent, the moving party, is entitled to a decision. Rule 120(a). See Lewis v. Commissioner, T.C. Memo. 1978-67↩ (appeal dismissed, 9th Cir. 1979).