RICHARD R. SIBLA and DORA G. SIBLA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sibla v. Commissioner
Docket No. 15327-80.
United States Tax Court
T.C. Memo 1982-710; 1982 Tax Ct. Memo LEXIS 34; 45 T.C.M. (CCH) 294; T.C.M. (RIA) 82710; December 7, 1982. *34 Petitioners have failed to produce documents despite a specific order of this Court directing them to do so. Held, petitioners' failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Richard R. Sibla and Dora G. Sibla, pro se. Patrick Putzi and Dennis Brager, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions under Rule 104(c)(3). After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*35 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions under Tax Court Rule 104(c)(3), filed on October 22, 1982. [2]
Respondent, in his Notice of Deficiency issued to petitioners on May 14, 1980, determined a deficiency in petitioners' Federal income tax and an addition to the tax for the taxable calendar year 1977 in the following respective amounts: Addition to Tax, I.R.C. 1954
Year
Income Tax
Section 6653(a) [3]
1977
$18,218.00
$1,097.00
The adjustments to petitioners' income as determined by respondent in his deficiency notice are as follows: Interest income
$ 3,207.00 Gross rental income
29,670.00 Adjustments to income
31,501.00 Distributions from trust
(23,022.00)
[4] $41,356.00 Petitioners resided at 23541 Collins Street, Woodland Hills, California on the date *36 the petition was filed. They filed a joint 1977 Federal income tax return with the Internal Revenue Service. On October 6, 1980, respondent filed his answer. Thus, the pleadings are closed. See Rules 34, 36, 38 and 70(a)(2). By letter dated May 21, 1982, respondent attempted to make arrangements for informal consultations with petitioners, as required by this Court's rules and the mandate of its opinions. [5] Richard R. Sibla (petitioner) responded to that letter on or about June 3, 1982. In that response he advised respondent's trial attorney-- I do not wish to attend the conference you have arranged at your time, place, and convenience, at my travel and expense, for the purpose of disclosing my personal and private records and papers, and waive my constitutional rights of privacy, so as to help you prepare your case to harass, persecute, and prosecute me. Thereafter, respondent on June 22, 1982, served on petitioners a request for production of documents. See Rule 72. An examination *37 of those requests reveals that they seek documents relevant and material to the issues at dispute herein, i.e., with respect to the petitioners and the Richard R. Sibla Equity Pure Trust. When petitioners failed to timely respond thereto, respondent, pursuant to Rule 104(b), filed a Motion to Compel Compliance on July 27, 1982. A copy of that motion together with a copy of the Court's Notice of Filing, giving petitioners until August 13, 1982 in which to file a response, were served on petitioners by the Court on July 30, 1982. Petitioners filed a Notice of Objection on August 9, 1982 in which we are advised-- The Petitioner objects on the basis of the Constitution of the United States of America Article IV guaranteeing the right of the people to be secure in their persons, houses, papers, and effects, and Article V which states no person shall be compelled to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law. The Attorney for the Internal Revenue Service, Mr. Dennis Brager, asks for the privilege to inspect and photo copy 19 separate categories of records, papers and effects which would violate my constitutional rights *38 and I answer each of the 19 requests with the statement that I refuse to comply on the grounds that it violates my Fourth and Fifth Amendment[6] rights of the United States Constitution. After considering the Notice of Objection the Court in its Order of August 20, 1982, stated, in part, as follows: * * * it is ORDERED that respondent's Motion is granted in that petitioners shall produce to respondent's counsel on or before September 7, 1982, the documents requested in respondent's request for production of documents served on petitioners on June 22, 1982. Since petitioners did not comply with our August 20, 1982 Order respondent, on October 22, 1982 filed his motion herein under consideration. That motion was calendared for hearing at Washington, D.C. on November 24, 1982. As noted earlier herein petitioners did not *39 appear at the hearing nor did they file a response to respondent's motion. Petitioner's due process rights have not been abrogated or abridged here. Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3rd Cir. 1977). Moreover, their general assertion that their Fourth and Fifth Amendment rights have been violated is without merit. See Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), [7] where identical claims were rejected. [8] See also Watson v. Commissioner,     F.2d     (5th Cir., Sept. 27, 1982, 50 AFTR 2d 82-6042, 82-2 USTC par. 9652), where on a factual situation remarkably similar to that which we have here, the Court of Appeals for the Fifth Circuit, in affiring a decision of dismissal of this Court, rejected a Fifth Amendment claim. [9]
*40 Although given ample opportunity to comply with respondent's highly relevant document requests, petitioners have not done so and there is not one legally sufficient reason extent in this record to explain their failure to comply. They have, in essence, defied and ignored the notices and Orders issued to them by the Court and, by their inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, their failure to act has cost them their "day in Court".
As we view this record, respondent's discovery requests sought documents relevant and material to the issues at dispute. Petitioners simply have made no attempt to comply with those requests despite a specific order of this Court directing them to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by this Court with respect to the provisions of Rule * * * 72, * * * the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the *41 case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case, we conclude that petitioners' persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Rechtzigel v. Commissioner,79 T.C. 132 (1982); McCoy v. Commissioner,76 T.C. 1027 (1981) (on appeal 9th Cir., Sept. 15, 1981); Riehle v. Commissioner,T.C. Memo. 1982-141 (on appeal 7th Cir., July 9, 1982); Swift v. Commissioner,T.C. Memo. 1981-713; Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595 (on appeal 5th Cir., March 29, 1982); Antelman v. Commissioner,T.C. Memo. 1981-511; Lockwood v. Commissioner,T.C. Memo. 1981-243 (on appeal 9th Cir., Aug. 20, 1981). [10]
*42 On this record, respondent's motion will be granted. [11]
An appropriate order and decision will be entered.
Footnotes
1. Since respondent's motion is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on November 24, 1982. Petitioners did not appear nor did they file a response to respondent's motion.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. All adjustments relate to petitioners and the Richard R. Sibla Equity Pure Trust.↩
5. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
6. We note that respondent's determination for the addition to the tax is under sec. 6653(a) [negligence addition] not sec. 6653(b) [fraud addition]. We observe further that the burden of proof with respect to each item at dispute is on petitioners [not respondent]. See Rule 142(a) and Welch v. Helvering,290 U.S. 111↩ (1933).
7. We observe that venue on appeal in this case would lie in the United States Court of Appeals for the Ninth Circuit. ↩
8. There is Court stated--"Appellant's fourth amendment claim is without foundation and utterly devoid of merit. Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search and seizure". Edwards v. Commissioner,680 F.2d 1268, 1270↩ (9th Cir. 1982). 9. See Gunnarson v. Commissioner,T.C. Memo. 1982-669, where we only recently rejected similar Fourth and Fifth Amendment↩ claims.
10. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩.
11. Petitioner is no stranger to this Court.He has been here before. There, interalia, he raised a patently frivolous constitutional argument which we rejected. See Sibla v. Commissioner,68 T.C. 422 (1977), affd. on another issue 611 F.2d 1260↩ (9th Cir. 1980).