OLIVER BROWN and RAMONA M. BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 31307-83.
United States Tax Court
T.C. Memo 1985-269; 1985 Tax Ct. Memo LEXIS 363; 50 T.C.M. (CCH) 52; T.C.M. (RIA) 85269; June 4, 1985. Oliver Brown, pro se. Cheryl M. D. Rees, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $15,721.85 in petitioners' Federal income taxes for 1980 and an addition to tax of $1,083.97 (for late filing) under section 6651(a)(1). [1] After concessions, disputes remain as to petitioners' entitlement to certain personal deductions, employee expenses, rental expenses, and investment tax credit. *365 FINDINGS OF FACT Petitioners were residents of Houston, Texas, at the time they filed their petition herein. During 1980, petitioner Oliver Brown was employed as a high school athletic coach by the Houston Independent School District. Petitioner Ramona Brown was a member of the faculty of the Department of Physical Education at Texas Southern University. During that year, petitioners owned two automobiles, a 1979 Audi and a 1978 Volkswagen.They also acquired a parcel of residential real property in 1980. On or about June 9, 1981, petitioners filed a joint Federal individual income tax return with the Internal Revenue Service. On that return, they claimed various medical expenses, contributions, casualty losses, employee business expenses, rental expenses, and an investment tax credit. In a statutory notice of deficiency sent August 5, 1983, respondent disallowed deductions totaling $19,621.50 and disallowed the claimed investment credit in the amount of $6,010.51. OPINION During and after trial, respondent conceded that petitioners are entitled to the following deductions: Charitable Contributions
$518.00
Employee Business Expenses
82.71
Rental Expense (depreciation)
274.00
*366 Respondent has also conceded that petitioners received $600 in rental income during 1980, made political contributions of $50 during 1980, and overreported interest income for 1980 by $1,000.02. Finally, respondent has conceded that petitioners are not liable for the addition to tax under section 6651(a)(1). Petitioners bear the burden of proving that they are entitled to the additional deductions and credits that they claim. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. In this case, petitioners have failed to prove that they are entitled to any deductions beyond those initially allowed or now conceded by respondent. Petitioner Oliver Brown presented at trial his own testimony and copies of various lists of expenses claimed, canceled checks, and purported receipts. Petitioner Ramona M. Brown did not testify, although some of the checks were written by her and allegedly related to her employment. Mr. Brown offered a list of items claimed as charitable contributions for 1980.The items on that list reflected by checks payable *367 to churches or otherwise recognizable on their face as payable to donees qualified under section 170(c) have been conceded by respondent. Copies of other checks and purported cash receipts were received in evidence, subject to Mr. Brown's establishing by his testimony the fact and purpose of each payment.Mr. Brown did not provide any such testimony. Petitioners therefore failed to prove that the unallowed items represented payments made for charitable purposes rather than payments for benefits received by them or other nondeductible items. Mr. Brown testified that petitioners sustained various incidents of damage to their automobiles during 1980. He did not show the amount of damage suffered on any of those occasions, however, or that the unreimbursed amounts of damage, reduced by $100 per incident, totaled the $500 claimed on petitioners' return or any other amount. See section 165(c); Pfalzgraf v. Commissioner,67 T.C. 784, 787 (1977). Petitioners' claims for employee business expenses included automobile expenses and other miscellaneous items. With respect to the miscellaneous items, petitioners tendered copies of canceled checks and receipts, but they *368 again failed to produce any testimony or other admissible evidence establishing the purpose of the payments reflected in the tendered copies. With respect to claimed expenses of business use of petitioners' automobile, Mr. Brown testified as follows: MR. BROWN: * * * we keep it in a ledger that is kept in the car then it is transposed to our mileage sheet at the end of each day. We get in the car, close the door, we write the odometer reading down. At said destination, we write the odometer reading down again, and the differential between the two and record this. At the end of the day, all of these recordings take place contemporaneously. Mr. Brown did not produce the original ledgers. He presented copies of the logs that he claimed to have made on a daily basis to record trips that he claimed related to business travel of the petitioners. Very little mileage was allowed by those logs, however, for personal use of the vehicles during the school year. The amount of mileage recorded in the logs actually exceeded the mileage for the two vehicles claimed on Forms 2106 attached to petitioners' 1980 tax return. The reliability of the logs, moreover, was totally *369 undermined by information on repair bills on the 1979 Audi from an automobile dealership. According to petitioners' summary of the logs, the odometer reading on the Audi was 3,304 miles on January 1, 1980, and 17,316 miles on December 31, 1980. The odometer reading recorded on petitiioners' log for the Audi was 7,952 miles on March 22, 1980, and 10,132 miles on September 3, 1980. (No mileage was recorded between March and September 1980.) The repair bills on the Audi, however, recorded odometer readings of 3,070 miles on April 7, 1980; 4,299 miles on May 27, 1980; and 4,562 miles on June 2, 1980. Petitioners were given an opportunity during and after trial to explain this discrepancy, but they have failed to do so. We conclude that the purported contemporaneous logs were fabricated, [2] and obviously then cannot be relied on as a predicate for a deduction for employee business expenses. No other evidence establishes business mileage driven by petitioners. [3]
*370 During trial, Mr. Brown repeatedly complained because respondent had not advised him why the documents submitted by him in purported substantiation of the various expenses claimed were unacceptable. Respondent does have an obligation to meet with taxpayers in an attempt to determine their correct liability or to stipulate to documents to be offered in evidence at trial. See Rules 70(a) and 91; Branerton Corp. v. Commissioner,61 T.C. 691 (1974). When patently unreliable documents are presented to respondent, however, he is not required to disclose impeaching evidence or to advise petitioners as to how better to fabricate evidence to be presented to the Court. Presenting false documents to respondent or to the Court is a criminal offense. See 18 U.S.C. sec. 1001. At a minimum, where it becomes apparent that some evidence tendered by petitioners is not trustworthy, we must regard petitioners' credibility as so damaged that their uncorroborated testimony is insufficient on any other issue as to which they bear the burden of proof. Petitioners offered no evidence at trial concerning the rental deductions claimed by them that would *371 permit an allowance beyond that conceded by respondent. Specifically, they failed to show the depreciable basis of the rental property or the useful life of such property, the nature of commissions and other expenses claimed on their tax return, or automobile mileage actually related to their rental property. Neither the tax return nor petitioners' trial memorandum is a substitute for evidence at trial, and respondent's determination as to these items must be sustained. See Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), affg. a Memorandum Opinion of this Court; Wilkinson v. Commissioner,71 T.C. 633, 639 (1979). At the time of trial, petitioners claimed political contributions, additional rental expenses, medical expenses, sales tax expenses, and interest expenses in amounts not set forth in their original petition. Respondent objected to consideration of these items on the ground that they were not timely raised. Regardless of that objection, however, petitioners failed to present any evidence that would establish their entitlement to amounts beyond those allowed or conceded by respondent. The investment tax credit claimed *372 by petitioners related to residential rental property, the automobiles purchased in prior years, and a portion of petitioners' personal residence allegedly put into business use in 1980. This claim must be disallowed as a matter of law. The credit applies to tangible personal property or "other tangible property (not including a building and its structural components)" and is only available in the first year in which eligible property is placed in service. Sections 38, 46(c)(1) and 48(a); section 1.46-3 (d)(4)(i), Income Tax Regs.
Petitioners contend that residential rental property is excluded from the definition of a "building," but their argument is without merit. They are apparently confused by the reference in section 48(a)(3) to property used for lodging; but that section merely provides a further limitation on the availability of the investment credit for property that would be eligible if it were not used in furnishing lodging. Because of concessions by respondent, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Because respondent has not determined an addition to tax for negligence or fraud under section 6653, we cannot now do so. We note, however, that this is apparently the type of case where Congress intended that such additions be applied. See Conf. Report on H.R. 1869 (Repeal of Contemporaneous Recordkeeping Requirements), 131 Cong. Rec. H2889 (daily ed. May 7, 1985): While minor, inadvertent recordkeeping or computational errors should not lead to the imposition of a substantial penalty, the conferees believe that it is vital to the integrity of the tax system that honest taxpayers know that others who claim tax benefits far in excess of what can be justified will be subject to the negligence and fraud penalties. ↩
3. A representative of Mrs. Brown's employer testified that Mrs. Brown's business use of an automobile would have been minimal and reimbursable by her employer.↩