WENDY V. WIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wight v. Commissioner
Docket No. 11221-93
United States Tax Court
T.C. Memo 1995-325; 1995 Tax Ct. Memo LEXIS 328; 70 T.C.M. (CCH) 108; July 20, 1995, Filed *328 An appropriate order will be issued granting respondent's motion to dismiss, and decision will be entered for respondent. John A. Weeda, for respondent. FAY
FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case is before the Court on respondent's Motion for Default or Dismissal Under Rule 123 [1] and to Impose A Penalty Under IRC Section 6673. By notices of deficiency dated March 4, 1993, respondent determined deficiencies in and additions to petitioner's Federal income tax in the following amounts: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a) 6654
1988
$ 11,973.11
$ 2,993.27
$ 598.66
$ 764.13
1989
13,136.15
3,284.03
--  885.58
The issues for decision are: 1. Whether petitioner had taxable income for the years 1988 and 1989. We hold that she *329 did. 2. Whether petitioner is subject to the additions to tax for failure to file, negligence, and estimated penalties as asserted for the years in question. We hold that she is. 3. Whether a penalty should be imposed against petitioner under section 6673. We hold that it should. FINDINGS OF FACT Petitioner resided in Vail, Colorado, when she filed her petition and amended petition. During the years 1988 and 1989, petitioner was employed by, and received wages from, R. G. Allen Group for services preformed as a commissioned real estate salesperson. For the years at issue, petitioner received gross income in the amounts of $ 38,219 and $ 41,399, respectively, but did not file income tax returns for those years. The Internal Revenue Service received information returns and Forms 1099 from R. G. Allen Group and proposed the deficiencies based on the Forms 1099 when it discovered that petitioner had not filed income tax returns for 1988 and 1989. On June 2, 1993, petitioner requested a 60-day extension of time to file a petition for this matter. On June 7, 1993, this Court ordered petitioner to file a proper petition and pay the filing fee by August 6, 1993. On August 3, 1993, this *330 Court granted petitioner additional time until August 20, 1993, to file a proper petition and pay the filing fee. On August 16, 1993, petitioner filed her first amended petition. In this document petitioner did not plead a case but merely put forth arguments that respondent characterized as "tax protester nonsense". The petition included out-of-context portions of the Internal Revenue Manual and of Federal statutes and arguments to the effect that petitioner is not subject to the income tax laws. By means of a notice setting the case for trial, served upon petitioner on April 21, 1994, petitioner was informed that this case was calendared for trial on September 26, 1994, in Denver, Colorado. This notice included the following paragraphs: The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and *331 all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
On April 25, 1994, respondent sent a Branerton letter, Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), to petitioner with several attachments, including a proposed stipulation of facts. Respondent also suggested that petitioner assemble records to support any deductions or credits to which she might be entitled. The letter also contained a warning to petitioner of the possible consequences under section 6673 if she persisted in her "frivolous and groundless" arguments and provided her a copy of section 6673. Respondent also reminded petitioner that she had failed to properly prosecute an earlier Tax Court petition involving the tax years 1983 through 1986. The Tax Court in that case granted respondent's motion for default or dismissal under Rule 123 and imposed a penalty under section 6673 in the amount of $ 5,000. Wight v. Commissioner, T.C. Memo. 1991-343. *332 At a stipulation conference between the parties on June 7, 1994, petitioner refused to stipulate any of the paragraphs of the stipulation proposed by respondent. Petitioner argued at the conference that she was not a resident of Colorado and that the nonfiling of tax returns, the receipt of statutory notices of deficiency, and the Forms 1099 were irrelevant because she did not receive income as she defined it. On June 23, 1994, respondent sent both a request for production of documents and a request for admissions to petitioner asking for a response to each by July 23, 1994. On July 23, 1994, petitioner replied to respondent's request for admissions by asserting that "All of Respondent's requests for admission are frivolous and need not be answered." Also on July 23, 1994, petitioner sent her response to respondent's request for production of documents by asserting that the records supporting her assertions "are statutes, regulations, treasury decisions and delegation orders, all of which are maintained by District Counsel and the Internal Revenue Service." On September 26, 1994, when this case was called for trial, petitioner did not appear. OPINION Taxable Income
Section *333 61 provides that gross income includes "all income from whatever source derived," except as specifically excluded by other provisions of the Code or other Federal law. Among the types of income listed in section 61 is "Compensation for services". Sec. 61(a)(1). Petitioner was employed by R. G. Allen Group, and the money paid to her for 1988 and 1989 was compensation for her services as a commissioned real estate salesperson. Thus, moneys paid to petitioner for the years in question are gross income. Under section 63, taxable income is generally defined as "gross income minus * * * deductions". Here, the moneys paid to petitioner are gross income. Petitioner is entitled to the standard deduction and the self-employment tax exemption. Secs. 63(c), 164(f). Petitioner was provided the opportunity to prove any additional deductions or credits she might have been entitled to for the years in question, but petitioner failed to do so. Thus, after deductions, petitioner has taxable income in the amounts of $ 33,269 and $ 36,299 for the taxable years 1988 and 1989, respectively. Motion To Dismiss
With respect to respondent's motion to dismiss, Rules 123(b) and 149(a) provide as follows: *334 Rule 123. * * * Dismissal * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.
* * * Rule 149. * * * (a) Attendance at Trials: The unexcused absence of a party or a party's counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.
We find that petitioner's failure to cooperate with respondent during the pretrial period made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(c). The standing pretrial order has not been complied with by petitioner, nor has there been compliance *335 with the mandates of the Court in Branerton Corp. v. Commissioner, supra.Furthermore, no trial memorandum was filed on behalf of petitioner. Thus, in light of petitioner's conduct in this proceeding and her failure to appear when the case was called for trial, we conclude that dismissal is appropriate. Accordingly, respondent's motion to dismiss will be granted. Penalty Under Section 6673
Respondent has moved for a penalty under section 6673. Under that section, as applicable herein, the Court may award a penalty to the United States of up to $ 25,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. Based on the record, we conclude that such an award is appropriate in this case. Petitioner has pursued a frivolous and groundless position in this proceeding from the time that she filed her request for a 60-day extension of time to file a petition on June 2, 1993, to the time she failed to respond to the Court's August 10, 1994, order to show cause why respondent's Motion for Default or Dismissal Under Rule 123 and to Impose *336 a Penalty Under IRC Section 6673 should not be granted. Petitioner's arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions. See, e.g., Lonsdale v. United States, 919 F.2d 1440 (10th Cir. 1990); Rowlee v. Commissioner, 80 T.C. 1111 (1983); Anderson v. Commissioner, T.C. Memo. 1992-738; Scott v. Commissioner, T.C. Memo. 1992-730. In sum, all the conduct and the inaction described herein support a finding that petitioner instituted and maintained this action primarily for delay. We are convinced that petitioner knew her position herein to be groundless but persisted in maintaining this proceeding primarily to impede the proper workings of our judicial system and to postpone the payment of her Federal income tax liabilities, especially considering that petitioner has pursued this course of action in the face of previously imposed sanctions for similar conduct. Wight v. Commissioner, T.C. Memo. 1991-343. Accordingly, a penalty is awarded *337 to the United States under section 6673 in the amount of $ 15,000. To reflect the foregoing, An appropriate order will be issued granting respondent's motion to dismiss, and decision will be entered for respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue, unless otherwise indicated.↩