THE BRANERTON CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

JACK LINDNER AND ANNE LINDNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5040–73, 5042–73.   Filed March 5, 1974.

*Stephen L. Packard*, for the petitioners.
*D. Ronald Morello* and *Barry D. Gordon*, for the respondent.

#### OPINION

DAWSON, *Judge:* This matter is before the Court on respondent's motion for a protective order, pursuant to Rule 103 (a) (2), Tax Court Rules of Practice and Procedure, that respondent at this time need not answer written interrogatories served upon him by petitioners in these cases. Oral arguments on the motion were heard on February 20, 1974, and, in addition, a written statement in opposition to respondent's motion was filed by the petitioners.

The sequence of events in these cases may be highlighted as follows: The statutory notices of deficiencies were mailed to the respective petitioners on April 20, 1973. As to the corporate petitioner, the adjustments relate to (1) additions to a reserve for bad debts, (2) travel, entertainment, and miscellaneous expenses, (3) taxes, and (4) depreciation. As to the individual petitioners, the adjustments relate to (1) charitable contributions, (2) entertainment expenses, (3) dividend income, and (4) medical expenses. Petitions in both cases were filed on July 2, 1973, and, after an extension of time for answering, respondent filed his answers on September 26, 1973. This Court's new Rules of Practice and Procedure became effective January 1, 1974. The next day petitioners' counsel served on respondent rather detailed and extensive written interrogatories pursuant to Rule 71. On January 11, 1974, respondent filed his motion for a protective order. The cases have not yet been scheduled for trial.

Petitioners' counsel has never requested an informal conference with respondent's counsel in these cases, although respondent's counsel states that he is willing to have such discussions at any mutually convenient time. Consequently, in seeking a protective order, respondent specifically cites the second sentence of Rule 70(a)(1) which provides: "However, the Court expects the parties to attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules."

It is plain that this provision in Rule 70(a)(1) means exactly what it says. The discovery procedures should be used only after the parties have made reasonable informal efforts to obtain needed information voluntarily. For many years the bedrock of Tax Court practice has been the stipulation process, now embodied in Rule 91. Essential to that process is the voluntary exchange of necessary facts, documents, and other data between the parties as an aid to the more expeditious trial of cases as well as for settlement purposes.[1] The recently adopted discovery procedures were not intended in any way to weaken the stipulation process. See Rule 91(a)(2).

Contrary to petitioners' assertion that there is no "practical and substantial reason" for granting a protective order in these circumstances, we find good cause for doing so. Petitioners have failed to comply with the letter and spirit of the discovery rules. The attempted use of written interrogatories at this stage of the proceedings sharply conflicts with the intent and purpose of Rule 70(a)(1) and constitutes an abuse of the Court's procedures.

Accordingly, we conclude that respondent's motion for a protective order should be granted and he is relieved from taking any action with respect to these written interrogatories. The parties will be directed to have informal conferences during the next 90 days for the purpose of making good faith efforts to exchange facts, documents, and other information. Since the cases have not been scheduled for trial, there is sufficient time for the parties to confer and try informally to secure the evidence before resorting to formal discovery procedures. If such process does not meet the needs of the parties, they may then proceed with discovery to the extent permitted by the rules.

*An appropriate order will be entered.*

---

[1] Part of the explanatory note to Rule 91 (60 T.C. 1118) states that—

"The stipulation process is more flexible, based on conference and negotiation between parties, adaptable to statements on matters in varying degrees of dispute, susceptible of defining and narrowing areas of dispute, and offering an active medium for settlement."