JOANNE NEARY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neary v. Comm'r
Docket No. 18180-80. United States Tax Court
T.C. Memo 1985-261; 1985 Tax Ct. Memo LEXIS 365; 50 T.C.M. (CCH) 4; T.C.M. (RIA) 85261; June 3, 1985. *365 Petitioner and her former husband invested in a limited partnership and claimed deductions and investment tax credits on joint income tax returns. Respondent disallowed the claimed deductions and credits but during the course of Tax Court proceedings agreed to reduced deficiencies. Held: petitioner has not shown that the items were "grossly erroneous" within the meaning of section 6013(e)(1)(B) and (2), I.R.C. 1954, as amended. Jeffrey H. Pasternack *366 and Philip R. November, for the petitioner. Martha Sullivan and Robert A. Wagner, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $27,177 in the 1975 Federal income taxes of petitioner and her former husband James V. Neary. The sole issue to be decided is whether petitioner has shown that she is entitled to be relieved of liability for the deficiency under section 6013(e), [1] as revised by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioner was a resident of Staten Island, New York, at the time the petition was filed. On or about December 18, 1975, petitioner's then husband James V. Neary (Neary), invested $25,000 in a limited partnership known as Crescent Cinema Associates, Ltd. (the limited partnership). The payment of $25,000 was made by a check drawn on a joint bank *367 account maintained by petitioner and Neary. At the time of this investment, petitioner was hospitalized, recuperating from major surgery. Subsequently, while reconciling monthly bank statements, petitioner discovered the canceled check. Neary then told her that he had bought an interest in a movie. In April 1976, petitioner and Neary filed a joint Federal income tax return for 1975. On that return, they claimed a partnership loss of $19,688 and an investment tax credit of $17,352 in relation to their investment in the limited partnership. In July 1977, petitioner and her then husband filed a joint Federal income tax for 1976. On that return they claimed a loss of $5,333 from the limited partnership. Petitioner and Neary separated in October 1976. In February 1978, they entered into a written agreement of separation. They were divorced in October 1978. Neary then moved to Canada, where he resided at the time of trial of this case. Petitioner received $25,000 cash in accordance with the agreement of separation. Some, but not all, of other payments called for by the agreement of separation were made by Neary to petitioner. By notice of deficiency dated June 30, 1980, sent *368 to Neary and to petitioner, respondent determined a deficiency of $27,177 in their joint income tax liability for 1975. By notice of deficiency dated August 8, 1980, sent to Neary and to petitioner, respondent determined a deficiency of $2,631 in their joint income tax liability for 1976. The deficiencies resulted from disallowance of the losses and investment credit claimed in relation to the limited partnership. Neary filed a petition in this Court, docket No. 20446-80, in which he contested the deficiencies for both years. Petitioner filed the within proceeding contesting the deficiency for 1975 and a separate proceeding, docket No. 20048-80, contesting the deficiency for 1976. Neary's Tax Court proceeding, docket No. 20446-80, came on for trial in Los Angeles, California, on May 9, 1983. Neary was not present. Counsel for respondent filed a motion to dismiss for failure properly to prosecute, but, in relation to that motion, agreed to a reduced deficiency of $17,352 for 1975 and that there was no deficiency due from Neary for 1976. The within proceeding was tried in New York City on October 22, 1984. At the time of trial, the parties stipulated that the correct deficiency *369 was $17,352 for 1975 and that no deficiency was due from petitioner for 1976. No evidence was introduced concerning the nature of the limited partnership or the basis for the settlement agreement by which the deficiencies determined by respondent were reduced. OPINION Section 6013(e), as amended by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801, applicable to all pending cases, provides in part: (e) Spouse Relieved of Liability in Certain Cases.-- (1) In general.--Under regulations prescribed by the Secretary, if-- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, *370 penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. (2) Grossly erroneous items.--For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse-- (A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law. Petitioner has the burden of proving that she is entitled to relief under this section. Welch v. Helvering,290 U.S. 111 (1933); Sonneborn v. Commissioner,57 T.C. 373, 381-383 (1971); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner has not presented any evidence from which we can conclude that the disallowed deductions and credits were "grossly erroneous items." She argues that we should reach that conclusion merely on the basis of the fact that the deductions and investment tax credits were disallowed by respondent. We are unable to do so, particularly where the amount of the deficiency has been compromised and no additions to tax were even determined *371 by respondent. We recognize that it may be difficult for a spouse who did not actively participate in the original transaction and who subsequently separated from the investor spouse to obtain information concerning an investment. Opportunities for discovery are available under our Rules, however, and under these circumstances informal discovery should have been available from respondent. See Rules 70 through 75, Tax Court Rules of Practice and Procedure; Branerton Corp. v. Commissioner,61 T.C. 691 (1974). Certainly taxpayers seeking to be relieved of liability must do more than was done here. [2] Nothing in the Tax Reform Act of 1984 changes the principle that: Congress still regards joint and several liability as an important adjunct to the privilege of filing joint returns, and that if there is to be any relaxation of that rule the taxpayer must comply with the carefully detailed conditions set forth in section 6013(e). * * * [Sonnenborn v. Commissioner,57 T.C. at 381.] *372 It is unreasonable for petitioner to seek special relief from the Court without taking the minimal steps necessary to secure evidence on which the Court may make a determination. In this instance, such evidence is that which would establish that there was no basis in fact or law for the deductions and credits claimed on the joint return for 1975. See section 6013(e)(2)(B), supra. Without such evidence, petitioner cannot prevail. Because of petitioner's failure to establish that the items in question were grossly erroneous, it is not necessary for us to determine whether she has satisfied the requirements of section 6013(e)(1)(C) or (D). Decision will be entered for the respondent in the amount of the deficiency set forth in the stipulation.
Footnotes
1. Unless otherwise indicated, all statutory inferences are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. After this case was set for trial, on September 17, 1984, petitioner filed a Motion for Continuance asking that the case not be docketed for trial until disposition of Neary's case. Petitioner did not even bother to ascertain that Neary's case had been dismissed 15 months earlier.↩