WARREN D. LAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lam v. Commissioner
Docket No. 2457-85.
United States Tax Court
T.C. Memo 1987-137; 1987 Tax Ct. Memo LEXIS 135; 53 T.C.M. (CCH) 359; T.C.M. (RIA) 87137; March 16, 1987. *135 Held, P's deductions of his wages are disallowed. Held further, P's arguments are frivolous and damages are awarded in addition to deficiencies in income tax and additions to tax. Section 6673, I.R.C. 1954. Warren D. Lam, pro se. James B. Martin, Jr., for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: This case is before the Court on respondent's motion for summary judgment filed December 9, 1986, for a decision in the total amount of the deficiencies in income tax and additions to tax determined by respondent in a deficiency notice sent to petitioner on November 6, 1984. Respondent alleges that there are no genuine issues of fact. Petitioner has not raised any issue of fact, and we find that no issue of fact exists in this case. Therefore, summary judgment is appropriate. Respondent determined deficiencies in income tax and additions to tax against petitioner for the following taxable years: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
Sec. 6661
1981
$10,333
$1,733
$517
$466
1982
18,789
369
939
454
$1,879
*137 The issues for decision are whether petitioner improperly deducted his wages and whether petitioner is liable for the deficiencies in tax for the years in issue. FINDINGS OF FACT Respondent submitted his motion for summary judgment with a sworn affidavit describing the facts establishing petitioner's liability for deficiencies in income tax and additions to tax. Petitioner has not responded to any of respondent's factual allegations. Therefore, for the purposes of this case, we accept as true the facts alleged in respondent's motion for summary judgment. For the purposes of this case, we shall also take into consideration the facts alleged in the pleadings, the admissions, affidavit and other materials submitted by the parties. Petitioner was a resident of Evanston, Wyoming, at the time the petition was filed in this case. On October 7, 1986, counsel for respondent mailed a letter to petitioner seeking informal trial preparation. Enclosed with the letter were two requests *138 for discovery: (1) a request for production of documents and (2) a list of requested admissions. A Branerton[2] conference was scheduled for October 17, 1986. Petitioner did not appear at the scheduled conference, nor did he attempt to cancel the scheduled conference. Respondent's October 7, 1986, letter was not returned to respondent. Respondent's efforts to contact petitioner by telephone were unsuccessful. On October 23, 1986, respondent filed a request for admissions with this Court, a copy of which was served on petitioner on October 20, 1986. On October 20, 1986, respondent served on petitioner a request for the production of documents. Responses to respondent's discovery requests were due from petitioner on November 19, 1986. Rule 90(c); Rule 72(b). Petitioner served his reply to respondent's requests for admissions on November 19, 1986, but did *139 not respond to the request for production of documents. In his reply petitioner responded to the subject matter of the first, second and sixth requests for admissions only. Petitioner did not admit, deny or assert that he could not truthfully admit or deny any other matters contained in respondent's requests for admissions. The matters contained in respondent's requests for admissions to which petitioner has made no reply are deemed conclusively established for the purposes of this case. Rule 90(c); Rule 90(f). In his 1981 and 1982 Federal individual income tax returns, petitioner reported wages of $36,546 and $55,941, respectively. With his 1981 and 1982 returns, petitioner also filed Schedules C on which he claimed a deduction of wages in the amount of $36,546 for 1981 and $55,941 for 1982. Petitioner did not report any income on either Schedule C. On both Schedules C petitioner listed the business name as Warren's Man Power Service and the product as service. On the 1981 Schedule C petitioner listed his main business activity as labor compensation. On the 1982 Schedule C petitioner listed his main business activity as compensation for labor. OPINION As a preliminary *140 matter, we note that respondent's determinations in the notice of deficiency are presumed to be correct, and petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner does not deny any of respondent's factual allegations. Instead, petitioner argues that he is not liable for the deficiencies in income tax and additions to tax as a matter of law. Petitioner requests that all withheld wages, additions, levies and fines be returned to him with interest. Petitioner argues first that this Court has failed to follow the procedures set forth in 5 U.S.C. sections 554 through 557 and 5 U.S.C. sections 701 through 706. Petitioner's reliance on Title 5 of the United States Code is misplaced. The statutes upon which petitioner relies apply to Federal agencies. The term "agency" as defined in 5 U.S.C. section 551(1)(B) and 5 U.S.C. section 701(b)(1)(B) (1982) specifically excludes the courts of the United States. In section 7441 Congress established this Court as a court of the United States and not an agency. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). *141 The rules establishing the procedures for this Court are set forth in sections 7453 through 7478. Section 7453 specifically authorizes this Court to prescribe its own rules of practice and procedure other than the rules of evidence which must be in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia. The rules governing the procedures to be followed in this Court appear in the Tax Court Rules of Practice and Procedure. Petitioner's second argument, that wages are not taxable income, is based upon his interpretation of the language in the Revenue Act of 1913. That act is no longer in effect. The income tax laws in effect during the years in issue in this case can be found in the Internal Revenue Code of 1954. Pub. L. 591 (83d Cong.) 68A Stat. Although the language defining income in the Revenue Act of 1913 is similar to the definition of gross income in section 61(a) of the Internal Revenue Code of 1954, it is well established that compensation for services, in whatever form received, is includable in gross income. Commissioner v. Duberstein,363 U.S. 278 (1960); *142 Old Colony Trust Co. v. Commissioner,279 U.S. 716 (1929); Eisner v. Macomber,252 U.S. 189, 207 (1920). Petitioner regrets complying with the Federal income tax laws in so much as he has submitted income tax returns. Petitioner apparently believes that he has compromised his constitutional rights and immunities by filing his returns. However, petitioner has failed to indicate which constitutional rights and immunities he believes have been compromised. Petitioner is in no worse position than he would have been had he failed to file a tax return at all. Petitioner's willful failure to file a tax return would have constituted a misdemeanor punishable by a fine of not more than $25,000 or imprisonment for not more than one year, or both, together with the costs of prosecution. Section 7203. If petitioner had failed to file his tax returns, he could have been prosecuted under section 7203 and would have been liable as well for the deficiencies in tax and additions to tax determined in this case. The penalties provided in section 7203 are in addition to other penalties provided by law. By order dated December 1, 1986, this Court advised petitioner *143 not to pursue his case on the basis of claims which have been rejected repeatedly by this Court and United States courts of appeals in cases too numerous to cite. See, e.g., Charczuk v. Commissioner,771 F.2d 471 (10th Cir. 1985). Nevertheless, petitioner has persisted in maintaining meritless legal positions. We find that petitioner's positions in this case are frivolous, and therefore in addition to the deficiencies in income tax and additions to tax determined in this case, we award damages in the amount of $1,000 to the United States. Section 6673. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In Branerton Corp. v. Commissioner,61 T.C. 691↩ (1974), this Court established the requirement that the parties have an informal conference pursuant to Rule 70(a) for the purpose of making good faith efforts to exchange facts, documents and other information before engaging in formal discovery.