T.C. Memo. 1996-279


UNITED STATES TAX COURT


DENNIS P. AND DIANA C. RAQUET, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26331-88.                    Filed June 17, 1996.



<u>Lavonne Lawson</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FAY, <u>Judge</u>:  This case is before the Court on respondent's
Motion to Dismiss for Lack of Prosecution as to petitioner
Diana C. Raquet.[1]  By statutory notices of deficiency dated

_____

[1]All references to petitioner are to Diana C. Raquet.

July 11, 1988,[2] respondent determined deficiencies in
petitioners' Federal income taxes, in the amounts listed below:

| | | Additions to Tax and Increased Interest | | | | | |
| Year | Deficiency | Sec. 6621(c) | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6661 |
|------|-----------|----------|----------|-------------|-------------|-------|-------|
| 1979 | $7,010 | [1] | $350.50 | -- | -- | $2,103 | -- |
| 1980 | 11,021 | [1] | 551.00 | -- | -- | 3,306 | -- |
| 1981 | -- | [1] | -- | $4.55 | [2] | -- | -- |
| 1982 | -- | [1] | -- | 256.00 | [2] | 218 | $2,753 |

[1]To be determined.
[2]Fifty percent of the interest due on the deficiency.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.  The notice of deficiency for the 1982 tax year
determined petitioners had a zero deficiency but were liable for
additions to tax pursuant to sections 6653, 6659, and 6661.
Respondent contends that the zero deficiency occurred as a result
of a clerical error in the Schedule of Adjustments, which was
attached to the notice of deficiency for the 1982 tax year.  In
an Amendment to Answer, filed April 12, 1995 (Amendment to
Answer), respondent corrected the error on the statutory notice
of deficiency and stated that the correct deficiency is $29,913.
Respondent contends that she does not bear the burden of proof as

---

[2]Respondent issued two notices of deficiency to petitioners.
Both notices are dated July 11, 1988.  In the first notice of
deficiency, respondent determined deficiencies and additions to
tax in petitioners' Federal income taxes for the taxable years
1979, 1980, and 1981.  In the second notice of deficiency,
respondent determined deficiencies and additions to tax in
petitioners' Federal income taxes for the taxable year 1982.

to the correct deficiency amount for the 1982 tax year because the error in the deficiency was evident from the other information set forth in the notice of deficiency. The issues for decision are:

(1) Whether respondent bears the burden of proof when respondent increases a deficiency in her Amendment to Answer when the increase in deficiency was due to a clerical error in the notice of deficiency. We hold that respondent only bears the burden of establishing the clerical or mathematical error. Petitioner retains the burden with regard to respondent's substantive determinations.

(2) Whether respondent's Motion to Dismiss for Lack of Prosecution should be granted. We hold that it should.

FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Los Gatos, California. By two statutory notices of deficiency, each dated July 11, 1988, respondent determined deficiencies, additions to tax, and increased interest in petitioners' Federal income taxes for the tax years 1979, 1980, 1981, and 1982. The adjustments determined in the notices of deficiency were with regard to petitioners' participation in two tax shelter projects: (1) Encore Leasing Corp. and (2) Kelsey/Soda Lake Mining.

In the notice of deficiency for the taxable year 1982 (the notice of deficiency), respondent asserted adjustments of $93,930. Thus, respondent increased petitioners' taxable income

for the 1982 tax year to $102,665, from $8,735, which was the amount reported by petitioners. Based on the increase in taxable income, respondent determined a tax liability of $38,782 for the 1982 taxable year. Respondent set forth these determinations in a Schedule of Adjustments for the 1982 tax year, which was attached to the notice of deficiency. Also in the notice of deficiency, respondent determined additions to tax for negligence, overvaluation, and substantial understatement and additional interest.

Respondent contends that, due to a clerical error, despite the above adjustments, the amount of the deficiency, ultimately reflected in the notice of deficiency, was zero. The error occurred in the Schedule of Adjustments for the 1982 tax year. Page 1 of the Schedule of Adjustments indicates that petitioners reported taxable income of $8,735 for 1982. Page 2 of the Schedule of Adjustments states that petitioners on the same return reported $38,782 in Federal income taxes. This amount is actually the amount that respondent claims is petitioners' liability for taxes for 1982. Respondent placed the $38,782 in the column for the amount of the reported liability on petitioners' 1982 Federal income tax return. The amount of tax in fact reported on petitioners' 1982 Federal income tax return was zero. Respondent contends that an amount of zero should have been placed in the space for total tax per return on the Schedule of Adjustments. The zero, subtracted from the total corrected

income tax liability of $38,782, would have led to the statement of the deficiency as $38,782.

On February 6, 1989, the parties filed with the Court a Partial Stipulation of Settlement with regard to the Kelsey/Soda Lake Mining issues. In the Partial Stipulation of Settlement, petitioners agreed to an adjustment of $85,000 for the 1982 tax year with regard to the Kelsey/Soda Lake Mining tax shelter project. Additionally, petitioners conceded the addition to tax for overvaluation with respect to the $85,000 adjustment. Respondent agreed to concede the addition to tax for negligence with regard to the $85,000 adjustment. Also, petitioners were granted the opportunity to claim a theft loss for substantiated cash out-of-pocket.

On October 8, 1992, petitioners' attorneys filed a Motion for Withdrawal of Counsel. In the motion, petitioners' attorneys state that they have tried "to obtain direction from petitioners concerning a potential settlement of this case. To date, we have been unable to receive any commitment from petitioner Dennis Raquet and we have received no communication whatsoever from Diana Raquet."[3]

---

[3]The Motion for Withdrawal of Counsel also listed petitioners as having separate addresses. The record is unclear as to when petitioners were married and whether they remain married. The only evidence of petitioners' marriage is that they jointly filed a Federal income tax return for the 1982 tax year.

On August 22, 1994, respondent sent a <u>Branerton</u> letter, <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974), to petitioner, in which respondent invited petitioner to a conference at respondent's San Jose, California, office. In the letter, respondent also suggested that petitioner assemble all documentation which she planned to use to support her case in trial. Respondent also sent the same <u>Branerton</u> letter, <u>Branerton Corp. v. Commissioner</u>, <u>supra</u>, to petitioner Dennis P. Raquet, except that respondent requested a conference with him on a different date.

Petitioner Dennis P. Raquet did subsequently meet with respondent. Petitioner Diana C. Raquet, however, failed to attend the conference and never furnished respondent with the requested documentation.

By means of a notice setting case for trial, served upon petitioners, petitioners were informed that this case was calendared for trial in Los Angeles, California, with a time and date certain. This notice included the following paragraphs:

> The calendar for that Session will be called at <u>10:00 A.M.</u> on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. * * *

Within the time in which discovery was allowed, respondent, pursuant to Rule 72, served on petitioners Respondent's Request for Production of Documents. Petitioners failed to respond to Respondent's Request for Production of Documents and Respondent's Request for Admissions. Thus, respondent filed with the Court a Motion to Compel Production of Documents. Based on respondent's Motion to Compel Production of Documents, the Court issued an order granting respondent's Motion to Compel Production of Documents and ordering petitioners to produce within 30 days those documents requested in respondent's Request for Production of Documents. The order also stated: "in the event petitioners do not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioners."

After the Court granted respondent's Motion to Compel Production of Documents, respondent spoke with petitioner and discussed possible ways to settle this case. Pursuant to this conversation, respondent wrote petitioner a letter in which

respondent requested that petitioner determine how she wanted to resolve this case. In a subsequent conversation with respondent, petitioner indicated that she had received the letter.

In another conversation, petitioner notified respondent that she would not sign a proposed decision document to resolve this case and that she did not plan to attend the calendar call in Los Angeles, California. Based on this information, respondent informed petitioner that respondent planned to file, at the calendar call in Los Angeles, California, a Motion to Dismiss for Lack of Prosecution with regard to petitioner.

Shortly before the case was called for trial, respondent filed with the Court a Motion for Leave to File Amendment to Answer and lodged the Amendment to Answer. The Court granted respondent's Motion for Leave to File Amendment to Answer. In the Amendment to Answer, respondent notified the Court of the clerical error in the notice of deficiency. The Amendment to Answer also stated that the deficiency asserted for the tax year 1982 was in the amount of $29,913. The original deficiency for the 1982 tax year was $38,782; however, the settlement of the Kelsey/Soda Lake Mining tax shelter issue reduced the 1982 deficiency to $29,913.

When this case was called for trial in Los Angeles, California, petitioner did not appear. At the calendar call, respondent filed with the Court, on behalf of petitioner Dennis P. Raquet, a Stipulation of Settlement between Respondent

and Petitioner Dennis P. Raquet.  In the Stipulation of Settlement between Respondent and Petitioner Dennis P. Raquet, petitioner Dennis P. Raquet agreed to the deficiencies and additions to tax for the taxable years 1979 through 1982, including the increased deficiency of $29,913 for the 1982 tax year.  Also at the calendar call, respondent filed with the Court a Motion to Dismiss for Lack of Prosecution as to petitioner Diana C. Raquet.

OPINION

Burden of Proof

Respondent bears the burden of proof with respect to an increased deficiency.  Here, respondent increased the deficiency determined in the notice of deficiency in her Amendment to Answer.  The increase in deficiency was due to a clerical error in the preparation of petitioner's notice of deficiency.  In the context of a case such as the one before us, where the increase in deficiency is based on a clerical or mathematical error in the notice of deficiency, respondent bears only the burden of establishing the clerical or mathematical error.  Petitioner retains the burden with regard to respondent's determinations.  See Estate of Applestein v. Commissioner, 80 T.C. 331, 347 n.5 (1983); Beck Chem. Equip. Corp. v. Commissioner, 27 T.C. 840, 856 (1957); see also Kiehl v. Commissioner, T.C. Memo. 1986-54; Holtz v. Commissioner, T.C. Memo. 1982-436.  We find that respondent has met this burden of establishing the clerical error through

the introduction of petitioners' 1982 Federal income tax return which reported petitioners' amount of tax as zero.

Alternatively, if respondent were to have the burden of proof, she could satisfy her burden of proof based on deemed admissions.  See, e.g., <u>Doncaster v. Commissioner</u>, 77 T.C. 334 (1981); <u>Baldwin v. Commissioner</u>, T.C. Memo. 1984-119.  Pursuant to Rule 90(c), each matter is deemed admitted unless within 30 days after service of the request the party to whom the request is directed serves upon the requesting party either (1) a written answer specifically admitting or denying the matter involved or (2) an objection.  Respondent issued requests for admissions on February 8, 1995.  Petitioner never responded to respondent's requests for admissions.  Thus, even if respondent had the burden of proof, she would have satisfied her burden of proof with respect to the increased deficiency, since respondent's requests are deemed admitted pursuant to Rule 90(c), including an admission that the deficiency for the taxable year 1982 is in the amount of $29,913.

<u>Lack of Prosecution</u>

With respect to respondent's Motion to Dismiss for Lack of Prosecution as to petitioner Diana C. Raquet, Rules 123(b) and 149(a) provide as follows:

> [Rule 123](b) <u>Dismissal</u>:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against

the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

\*  \*  \*  \*  \*  \*  \*  \*

[Rule 149](a) <u>Attendance at Trials:</u>  The unexcused absence of a party or a party's counsel when a case is called for trial will not be ground for delay.  The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.

We find that petitioner's failure to cooperate with respondent during the pretrial period made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(c). The standing pretrial order has not been complied with by petitioner, nor have the mandates of the Court in <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974).  Thus, in light of petitioner's conduct in this proceeding and her failure to appear when the case was called for trial, we conclude that dismissal is appropriate.  Accordingly, respondent's Motion to Dismiss for Lack of Prosecution as to petitioner Diana C. Raquet will be granted.

To reflect the foregoing,

<u>An appropriate order will be</u>

<u>issued granting respondent's motion</u>

<u>to dismiss, and decision will be</u>

entered for respondent, consistent with the foregoing.