T.C. Memo. 2001-257

UNITED STATES TAX COURT

KEVIN H. MOTLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11824-99.                    Filed September 28, 2001.

Kevin H. Motley, pro se.

<u>Katherine L. Kosar</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of prosecution pursuant
to Rule 123(b).[1]  By separate notices of deficiency, respondent

_____

     [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

determined the following deficiencies in and additions to
petitioner's Federal income taxes:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1994 | $27,797 | $2,113.25 | $327.11 |
| 1995 | 89,992 | 17,451.00 | 3,663.33 |
| 1996 | 28,908 | 2,666.25 | 459.75 |

## Background

In the notices of deficiency, respondent determined, on the
basis of income reported by third-party payers, that petitioner
failed to report wage income, capital gains, interest income, and
dividend income.  Respondent also determined additions to tax for
failure to timely file returns and failure to make estimated tax
payments.

On June 28, 1999, petitioner invoked the jurisdiction of
this Court by timely filing an imperfect petition.  On July 1,
1999, the Court ordered petitioner to file an amended petition in
order to comply with the Rules of the Court as to the form and
content of a proper petition and enclosed the form with the
order.  On September 3, 1999, petitioner filed the amended
petition on the form enclosed with the Court's July 1, 1999,
order.  At the time he filed the amended petition, petitioner
resided in Pepper Pike, Ohio.

In the petitions, petitioner averred, among other things,
that respondent's determinations were erroneous "based upon the
actual capital gain calculation versus the use of gross proceeds

from the sale as the gain; application of itemized deductions and four additional standard deductions for dependent children." Petitioner further alleged that the capital gain for 1995 was derived from "the sale of primary residence and the purchase of the replacement house prior to the sale is [sic] does not create a taxable event," and the "examiner used the standard deduction against * * * [his] withholdings." Respondent, in the answer, denied the assignment of errors alleged by petitioner and attached complete copies of the notices of deficiency to the answer.

On December 8, 2000, respondent invited petitioner to a meeting to discuss the case pursuant to Branerton Corp. v. Commissioner, 61 T.C. 691 (1974); however, petitioner neither appeared at the meeting nor contacted respondent to reschedule.

On February 2, 2001, respondent again sent petitioner a letter inviting him to a conference to discuss the case. Respondent advised petitioner that if he failed to appear, respondent would move to dismiss the case. Again, petitioner neither appeared nor contacted respondent.

On February 26, 2001, respondent sent petitioner a third letter inviting him to a conference to discuss the case. Again, respondent advised petitioner that if he failed to appear, respondent would move to dismiss the case, and petitioner neither appeared nor contacted respondent.

By notice dated October 25, 2000, the Court set this case for trial at the Court's Cleveland, Ohio, session beginning March 26, 2001. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Although our standing pretrial order required petitioner to submit a trial memorandum, he never did so.

On March 26, 2001, this case was called at the Court's trial calendar in Cleveland, Ohio. Petitioner did not appear. At that time, respondent orally moved to dismiss for failure to prosecute pursuant to Rule 123(b).

On March 27, 2001, the case was recalled, and respondent filed a written motion to dismiss for lack of prosecution pursuant to Rule 123(b). At that time, the Court held a hearing regarding the motion to dismiss. Petitioner did not appear at the hearing.

Discussion

I. <u>Rule 123(b). Dismissal</u>

The Court may dismiss a case and enter a decision against a taxpayer for his failure properly to prosecute or to comply with the Rules of this Court. Rule 123(b). Rule 123(b) generally applies in situations where the taxpayer bears the burden of proof.

II. <u>Section 7491. Burden of Proof and Burden of Production</u>

When this case was called for trial, respondent represented

that he has the burden of production regarding the additions to tax because the examination in this case began after July 22, 1998, but claimed that he does not bear the burden of proof on any issue in this case.  See Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 685, 727 (providing that sec. 7491 is applicable to court proceedings arising in connection with examinations commenced after July 22, 1998); sec. 7491(a), (c).

A.    The Deficiencies

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.

Petitioner failed to appear and did not introduce any evidence.  Therefore, we conclude that the burden of proof is not placed on respondent pursuant to section 7491(a).  Accordingly, we sustain respondent's deficiency determinations.

B.    Additions to Tax

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any

individual for additions to tax.  To meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose this addition to tax.[2]  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

In addition to filing the answer, respondent submitted, and the Court received as evidence, petitioner's transcripts of account for 1994, 1995, and 1996.  Respondent also called Appeals Officer Steve Henstridge to testify about the additions to tax determined by respondent.

### 1.  Section 6651(a)(1).  Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  The transcripts of account indicate that the Internal Revenue Service (IRS) did not receive returns from petitioner for 1994, 1995, and 1996.  Additionally, Appeals Officer Henstridge testified that he reviewed petitioner's

---

[2] We do not decide herein whether the Commissioner could meet the burden of production if he did not produce any evidence when the taxpayer failed to appear for trial.  For example, it might be possible for the Commissioner to satisfy the burden of production under sec. 7491(c) without presenting any evidence if the answer contained "well-pleaded facts".  <u>Smith v. Commissioner</u>, 91 T.C. 1049, 1056-1057, 1058-1059 (1988), affd. 926 F.2d 1470 (6th Cir. 1991).  We, however, leave that decision for another day.

administrative file for the years in issue, and he concluded that petitioner did not file returns and that there were no prepayment credits to offset the tax petitioner owed. He also testified that the administrative file did not contain any tax returns.

On the basis of the evidence, we find as a fact that petitioner did not timely file his returns for the years in issue. Petitioner did not present evidence indicating that his failure to file was due to reasonable cause and not due to willful neglect. Higbee v. Commissioner, supra at 446-447 (stating that the taxpayer bears the burden of proof regarding reasonable cause). Accordingly, on this issue, we sustain respondent's determination.

2.   Section 6654.  Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax for failure to pay estimated income tax. The amount of the credit for withholding is deemed to be a payment of estimated tax. See sec. 6654(g).

In calculating the additions to tax, the statutory notices of deficiency, which respondent attached to the answer, give petitioner credit for withholding for 1994, 1995, and 1996. Additionally, Appeals Officer Henstridge testified that the IRS had no record of petitioner's making any estimated tax payments.

On the basis of the evidence, we conclude that respondent has met his burden of production pursuant to section 7491(c) regarding this issue. Thus, petitioner must come forward with

evidence sufficient to persuade the Court that respondent's determination is incorrect or that an exception applies. Rule 142(a); Welch v. Helvering, supra at 115; see Higbee v. Commissioner, supra at 447.

Petitioner failed to appear and did not introduce any evidence. Accordingly, on this issue, we sustain respondent's determination.

C.    Conclusion

We have sustained all of respondent's determinations. Therefore, we will dismiss the case and enter a decision against petitioner. Rules 123(b), 142(a); Welch v. Helvering, supra at 115.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.