[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14132
Non-Argument Calendar
_____

Agency No. 18920-09

RONALD S. ADAMS,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(June 5, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Adams petitions for review of the final decision of the United States

Tax Court denying his *pro se* petition for redetermination of deficiency, pursuant

to 26 U.S.C. § 6213(a).  The Tax Court sustained the Commissioner of the Internal

Revenue Service's ("Commissioner") calculation of Adams's tax deficiencies, and rejected Adams's argument that he had no obligation to file a tax return absent personal notice to him by the Commissioner. On appeal, Adams repeats his argument that he had no obligation to file a tax return absent personal notice of his obligation to him by the Commissioner, and, therefore, he did not have a tax deficiency because a deficiency requires a return to have been filed. He argues that, although the Internal Revenue Code authorizes the Secretary of the Treasury, by notice or by regulations, to require individuals to keep records and file returns, the applicable regulations are insufficient to provide notice to him because they mandate only the keeping of records. Second, Adams asserts that the Tax Court erroneously denied his discovery motion before that Court, in which he had sought copies of any documents in the possession of the Commissioner relating to him, the substitute returns prepared for him by the Commissioner, and the personnel records of the Internal Revenue Service employees who performed work on his case. After thorough review, we affirm.

## I.

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Comm'r of Internal Revenue v. Neal*, 557 F.3d 1262, 1268-69 (11th Cir. 2009).

2

Accordingly, we review *de novo* the Tax Court's legal determinations.  *Bone v. Comm'r of Internal Revenue*, 324 F.3d 1289, 1293 (11th Cir. 2003).

The statutory provision relied upon by Adams, 26 U.S.C. § 6001, reads in relevant part as follows:

> Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe.  Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title.

*Id.*  The regulation relied upon by Adams in his opening brief is 26 C.F.R. § 1.6001-1, and is entitled "Records."  *Id.*  It reads, in relevant part, as follows:

> (a) **In general.**  Except as provided in paragraph (b) of this section, any person subject to tax under subtitle A of the Code . . . , or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information.
>
> . . . .
>
> (d) **Notice by district director requiring returns statements, or the keeping of records.**  The district director may require any person, by notice served upon him, to make such returns, render such statements, or keep such specific records as will enable the district director to determine whether or not such person is liable for tax under subtitle A of the Code, including qualified State individual income taxes, which are treated pursuant to section 6361(a) as if they were imposed by chapter 1 of subtitle A.

3

26 C.F.R. § 1.6001-1(a), (d).  Farmers and wage-earners are exempted from certain record-keeping requirements, but must still "keep such records as will enable the district director to determine the correct amount of income subject to the tax."  *Id.* § 1.6001-1(b).  An additional regulation, entitled "Individuals required to make returns of income," mandates in relevant part that "an income tax return must be filed by every individual for each taxable year" after receiving certain minimum amounts of gross income not relevant to this appeal.  *Id.* § 1.6012-1(a).

Adam's challenge is without merit.  Section 6001 establishes "the basic principle that . . . every taxpayer[] must maintain accounting records which enable him to file a correct tax return."  *Webb v. Comm'r*, 394 F.2d 366, 371 (5th Cir. 1968).[1]  Section 1.6001-1(d) gives an agency discretionary authority to require any person to keep certain records by giving such person appropriate notice.  However, it does not relieve all other taxpayers of their independent obligation to keep records and file returns, as the regulations require.  *See* 26 C.F.R. § 1.6001-1(a) and (b) (notifying taxpayers of their obligation to keep records); *id.* § 1.6012-1(a) (notifying taxpayers of their obligation to file tax returns).  Accordingly, the Tax Court did not err by rejecting Adams's argument that he was not required to file a

---

[1]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

tax return absent personal notice by the Commissioner of his obligation to file a tax return.

## II.

We review the denial of discovery for abuse of discretion. *White v. Coca-Cola Co.*, 542 F.3d 848, 853 (11th Cir. 2008). The denial of a discovery motion is not an abuse of discretion where it is based on the moving litigant's failure to follow the applicable discovery rules requiring good-faith participation in the discovery process. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 843-44 (11th Cir. 2006) (affirming the district court's denial of plaintiffs' discovery motion based on their "failure to work with the defendants in good faith to schedule the depositions" and facilitate the other requested discovery).

Discovery in the Tax Court is governed by Tax Court Rules 70 through 74, 90 through 92, and 100 through 104. In relevant part, Tax Court Rule 70(a)(1) requires "the parties to attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." Tax Court Rule 70(a)(1). In relevant part, Tax Court Rule 91(a)(1) requires that the parties stipulate to the fullest extent possible to "all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute." Tax Court Rule 91(a)(1). If one party "refused or failed to confer with an adversary with respect to entering into a

stipulation," the other party may move the Tax Court for an order to show cause why the moving party's proposed stipulation should not be deemed admitted. Tax Court Rule 91(f). The Tax Court has held that the use of its formal discovery rules before reasonable informal discovery efforts "sharply conflicts with the intent and purpose of Rule 70(a)(1) and constitutes an abuse of the Court's procedures." *Branerton Corp. v. Comm'r*, 61 T.C. 691, 692 (1974).

Here, the Tax Court did not abuse its discretion in denying Adams's discovery request. Adams had failed to comply with the Tax Court rules requiring that the parties participate in an informal discovery process before resorting to formal discovery. It was, therefore, within the Tax Court's discretion to deny his discovery motion, and Adams does not show that the Tax Court abused that discretion. *See Holloman*, 443 F.3d at 843-44.

III.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we deny the petition for review.

**PETITION DENIED.**

6