T.C. Memo. 2014-241

UNITED STATES TAX COURT

PAUL NEIL FILZER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10436-13.                                      Filed November 25, 2014.

Paul Neil Filzer, pro se.

<u>Nancy P. Klingshirn</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion for default

and dismissal (respondent's motion).[1]  We shall grant respondent's motion.

---

[1]Respondent filed respondent's motion before the commencement on October 6, 2014, of the trial session of the Court in Cleveland, Ohio (Cleveland trial session), at which this case was calendared for trial.

[*2]                                   Background

Petitioner resided in Ohio at the time he filed the petition.

Respondent issued a notice of deficiency (notice) to petitioner with respect to his taxable years 2005, 2006, 2007, 2008, 2009, and 2010. In that notice, respondent determined deficiencies in, and additions under sections 6651(a)(2) and (f) and 6654(a)[2] to, petitioner's Federal income tax (tax) as follows:

|  |  | Additions to tax | | |
| Year | Deficiency | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654(a) |
| --- | --- | --- | --- | --- |
| 2005 | $154,686 | $28,221.25 | $81,841.63 | $4,341.69 |
| 2006 | 66,370 | 14,397.50 | 41,752.75 | 2,679.23 |
| 2007 | 48,459 | 12,114.75 | 35,132.78 | 2,205.50 |
| 2008 | 17,703 | * | 12,834.68 | 568.89 |
| 2009 | 44,490 | * | 34,803.55 | 1,174.83 |
| 2010 | 10,677 | * | 6,820.08 | 199.68 |

*Amount to be determined at a later date pursuant to sec. 6651(a)(2).

In the petition, petitioner indicated that he disagreed with the determinations in the notice. In support of that disagreement, petitioner alleged that for each of the years at issue "[t]he Determination used 'married filing separately' instead of

[2]All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** 'married filing jointly.' The Determination used the incorrect number of exemptions." Petitioner also alleged for taxable year 2005 only that "the Determination incorrectly calculated Capital Gains."

In the answer, respondent admitted that "respondent determined the amount of taxes due from petitioner for the taxable years 2005, 2006, 2007, 2008, 2009 and 2010 using the filing status of 'married filing separately.'" Respondent denied the remaining substantive allegations.

Respondent further affirmatively alleged in the answer:

    a.  Since 1994, petitioner has not filed a federal income tax return.

    b.  Petitioner is a lawyer with approximately twenty years of experience in the practice.  He specializes in Native American law.

    c.  In the taxable years 2006, 2007 and 2008, petitioner was a partner in Filzer Gruttadaurio Strickland, LLP; petitioner was a Subchapter S shareholder in Filzer Gruttadaurio Strickland Co., Inc., in the taxable year 2008, and a Subchapter S shareholder in Filzer & Strickland, Inc. in the taxable years 2009 and 2010.

    d.  Petitioner was also employed by Noram-AHG, LLC in the taxable years 2005 and 2006.

    e.  Petitioner was an active member of an investment partnership, JJP Holdings, LLC, in the taxable year 2010.

    f.  The above-referenced flow-through entities filed Forms 1065 or Forms 1120S, and issued Schedules K-1 for petitioner's use in preparing his income tax returns in the years at issue.

[*4]     g. Noram-AHG, LLC and Filzer & Strickland, Inc. issued Forms W-2 for petitioner's use in preparing his income tax returns in the years at issue.

h. Petitioner received Schedule K income and wage income from the above-referenced entities in the taxable years 2005, 2006, 2007, 2008, 2009 and 2010 in the amounts of $208,270.00, $208,898.00, $145,864,00, $74,668.00, $145,327.00, and $56,627.00, respectively.

i. Petitioner failed to make any estimated tax payments with respect to the taxable years 2005, 2006, 2007, 2008, 2009 or 2010.

j. On January 12, 2004, petitioner purchased property located at 304 East Greentree Lane, Lake Mary, Florida for $525,000. On December 30, 2005, petitioner sold such property for $1,125,000.00, recognizing a gain in the taxable year 2005 of $600,000.00.

k. In 2004, petitioner was contacted by the Service regarding the non-filing of his 2001 Form 1040. Petitioner was non-responsive; the Service assessed taxes in the amount of $128,823.00 for the taxable year 2001.

l. On September 21, 2006, the Service contacted petitioner regarding the collection of his assessed liability for the taxable year 2001, as well as his failure to file subsequent income tax returns. Petitioner stated to the Service that he had no good reason for not filing his tax returns, except that he knew he would owe a lot of money.

m. Petitioner failed to attend scheduled appointments with the Service on December, 28, 2011 and January 18, 2012, regarding his unfiled income tax returns for the taxable years 2005 through 2010.

n. On March 15, 2012, petitioner was summoned to appear before the Service for an appointment scheduled on March 28, 2012. Petitioner failed to appear; the Service received a response from

**[\*5]** petitioner's POA stating that delinquent tax returns would be prepared. Petitioner became non-responsive and to date, such returns have not been received.

      o. Given petitioner's education and profession, he knew he had a duty to file income tax returns and pay income taxes.

      p. Petitioner earned substantial income in all of the the [sic] years at issue. His failure to make any estimated payments of taxes with respect to this income coupled with the failure to file income tax returns in the years at issue constitutes fraudulent activity with an intent to evade federal taxes.

      q. In the 2005 taxable year, petitioner recognized substantial capital gain from the sale of property. His failure to report the gain on a timely filed income tax constitutes fraudulent activity with an intent to evade federal taxes.

      r. Although petitioner had all of the information necessary to file federal income tax returns for each of the taxable years 2005, 2006, 2007, 2008, 2009 and 2010, he failed to file such returns; such failure was fraudulent and was done with the intent to evade taxes.

      s. Petitioner's statement indicating that he had no good reason for not filing his tax returns, except that he knew he would owe a lot of money, indicates that such failure was fraudulent and done with the intent to evade taxes.

      t. Petitioner's continued lack of cooperation with the Service indicates that his failure to file income tax returns for the 2005 through 2010 taxable years was fraudulent and done with the intent to evade taxes.

      u. Petitioner's fraudulent failure to file income tax returns for the taxable years 2005, 2006, 2007, 2008, 2009 and 2010 is part of a five-year pattern of an intent to evade taxes.

**[\*6]**     v. A part of the underpayment of tax required to by [sic] shown on petitioner's income tax returns for each of the taxable years 2005, 2006, 2007, 2008, 2009 and 2010 is due to fraud.

Respondent served a copy of the answer on petitioner at the address that petitioner had shown as his mailing address in the petition. That service copy of the answer was not returned to respondent.

Petitioner did not file a reply to the answer.

In respondent's motion, respondent represents that respondent made various attempts, most of which were unsuccessful, to contact petitioner, who is an attorney, in an attempt to prepare this case for trial and/or to settle it, as required by certain of our Rules and our standing pretrial order dated May 6, 2014. According to respondent,

> 7. On May 27, 2014, respondent's Office of Appeals mailed a letter to petitioner's address as shown on the petition and to an address found for petitioner online. Each letter stated that the Office of Appeals was unable to contact petitioner by telephoning the number set forth in the petition and requested that petitioner contact the Office of Appeals immediately.

> 8. The letter mailed to petitioner's address as shown on the petition was not returned to respondent's Office of Appeals; the letter mailed to the other address was returned on May 30, 2014.

> 9. On July 31, 2014, respondent mailed a letter to petitioner's address as shown on the petition requesting petitioner to contact respondent immediately to commence preparation of a stipulation of

**[\*7]**  facts in accordance with <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974).

10.  On August 4, 2014, such letter was returned to respondent.

11.  Petitioner has not filed a 2011, 2012 or 2013 federal income tax return; respondent's records reflect petitioner's address as that reflected on the petition.

12.  On August 14, 2014, through an internet search, respondent obtained an address and telephone number of the law firm of Filzer & Strickland Inc. located in Willoughby, Ohio.  On such date, respondent called the telephone number associated with such firm and heard a recording stating that respondent had reached the telephone number of General Aviation Parts, LLC.

13.  On August 14, 2014, through an internet search, respondent obtained the name of Filzer & Gruttadaurio, P.L.L., a law firm located in Florida.  No further contact information was available.

On September 19, 2014, respondent filed a pretrial memorandum, as required by our standing pretrial order.  Petitioner failed to file a pretrial memorandum.

On September 24, 2014, we issued an order in which we ordered petitioner to file a response to respondent's motion that was to be received by the Court by October 1, 2014.  The copy of that order that we served on petitioner was returned by the U.S. Postal Service marked "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD."  Petitioner did not file a response to respondent's motion.

**[\*8]**  This case was called from the calendar at the Cleveland trial session. Counsel for respondent appeared.  There was no appearance by or on behalf of petitioner.  We took respondent's motion under advisement.

## Discussion

Petitioner bears the burden of proof for each of the taxable years at issue with respect to the deficiency determination and the determinations under sections 6651(a)(2) and 6654(a) for each of those years.  See Rule 142(a).  Respondent bears the burden of proof for each of the years at issue with respect to the fraud penalty under section 6651(f) for each of those years, and respondent must satisfy that burden by clear and convincing evidence.  See sec. 7454(a); Rule 142(b).

On the record before us, we find petitioner in default under Rule 123(a). We further find on that record that petitioner has failed to carry his burden of establishing for each of the years at issue any error in respondent's deficiency determination and respondent's determinations under sections 6651(a)(2) and 6654(a) for each of those years.  We sustain those determinations in the notice.

On the record before us, we also find that respondent has carried respondent's burden of establishing for each of the years at issue through the

**[\*9]** well-pleaded facts in the answer[3] the correctness of respondent's determination of the fraud penalty under section 6651(f) for each of those years.  We sustain those determinations in the notice.

　　To reflect the foregoing,

　　　　　　　　　　An order granting respondent's motion and decision for respondent will be entered.

---

[3]Our holding petitioner in default has the effect of his admitting well-pleaded facts in the answer.  See, e.g., Smith v. Commissioner, 91 T.C. 1049, 1056-1057 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991).