T.C. Memo. 1999-308


UNITED STATES TAX COURT


AGAPITO FAJARDO AND CLARA S. FAJARDO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11960-97.               Filed September 16, 1999.


Agapito Fajardo, pro se.

<u>Michael H. Salama</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This case is before the Court on

respondent's motion for summary judgment filed pursuant to Rule

121.[1]

_____

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  For convenience, all
(continued...)

## Background

In his notice of deficiency dated March 5, 1997, respondent determined the following deficiencies in income tax and an addition to tax:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) |
|------|-----------|-------------------------------|
| 1991 | $50,118 | [1]$14,107 |
| 1993 | 23,700 | --- |

[1]The first page of the notice of deficiency shows an addition to tax under sec. 6651(a)(1) with respect to 1993, not 1991.  However, our review of the notice in its entirety reveals that the determination regarding the addition to tax was made with respect to 1991.  In his motion for summary judgment, respondent confirmed that a typographical error was made in the notice, and that the addition to tax was determined with respect to 1991.

Petitioners filed a timely petition and designated Los Angeles, California, as the place of trial.  Petitioners resided in Carson, California, on the date their petition was filed.  References to petitioner are to Agapito Fajardo.

On November 26, 1997, respondent's counsel sent petitioners a Branerton letter, see Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), advising them of the Court's policies and requirements regarding informal exchange of documentation and stipulation of facts and inviting petitioners to attend a conference for that purpose on December 19, 1997.  Petitioners

[1](...continued)
monetary amounts have been rounded to the nearest dollar.

did not attend the conference or otherwise respond to the letter from respondent's counsel. Respondent's counsel mailed a second Branerton letter on January 16, 1998, which repeated the same information regarding the Court's policies and requirements regarding discovery. The second letter invited petitioners to meet with respondent's counsel on January 30, 1998, at 2 p.m. The second letter encouraged petitioners to contact respondent's counsel by telephone to reschedule the January 30 meeting if they could not attend on that date. Petitioners failed to attend the proposed conference or otherwise to respond to the second letter.

On April 8, 1998, notice was served on the parties that the case was calendared for trial during the Los Angeles, California, trial session beginning September 8, 1998. Attached to the notice was a copy of the Court's Standing Pre-Trial Order, advising the parties of the Court's policies and requirements regarding discovery, stipulations of fact, and other pretrial matters and ordering the parties to comply with those requirements.

On April 27, 1998, respondent's counsel mailed petitioners a third Branerton letter, requesting that petitioners contact counsel for respondent by telephone to schedule a meeting. As with the previously scheduled conferences, the stated purpose of the meeting was to discuss documentation and other evidence so that the parties could begin to develop a stipulation of facts

and comply with the Court's policies and requirements regarding pretrial preparation.  Petitioners did not respond to this letter.

On June 5, 1998, respondent served petitioners with requests for admission pursuant to Rule 90.  The requested admissions were as follows:

> 1.   For the 1991 and 1993 taxable years petitioners are not entitled to dependency exemptions in the amounts of $10,750.00 and $9,400.00, respectively.
>
> 2.   For the 1991 and 1993 taxable years petitioners are not entitled [to] * * * deductions for Schedule C expenses in the amounts of $86,560.00 and $21,140.00, respectively.
>
> 3.   In 1991 petitioners received a taxable distribution from an I.R.A. in the amount of $1,121.00. Petitioners failed to report this item on their 1991 return.
>
> 4.   For the 1991 and 1993 taxable years petitioners are not entitled to deductions for rental expenses in the amounts of $36,944.00 and $30,440.00, respectively.
>
> 5.   For the 1991 and 1993 taxable years petitioners are not entitled to itemized deductions in the amounts of $28,594.00 and $35,925.00, respectively.
>
> 6.   For the 1991 taxable [year], petitioners are not entitled to an additional deduction for exemptions in the amount of $2,064.00.
>
> 7.   The petitioners are liable for the failure to timely file penalty, pursuant to Internal Revenue Code ("I.R.C.") section 6651(a)(1) for the 1991 taxable year.

Petitioners failed to respond as required by Rule 90 and, consequently, the requested findings were deemed admitted pursuant to Rule 90(c). The deemed admissions essentially concede petitioners' case.

On July 27, 1998, respondent filed his motion for summary judgment, together with a memorandum of law in support thereof. In his motion, respondent requests that summary judgment be granted as to the deficiencies and addition to tax set forth in the notice of deficiency. Respondent alleges that the concessions deemed admitted under Rule 90(c) establish that there is no genuine dispute of material fact, and that a decision in favor of respondent may be entered as a matter of law.

On July 28, 1998, the Court ordered petitioners to file a response to respondent's motion for summary judgment on or before August 13, 1998. Petitioners did not file a response.

At the calendar call on September 8, 1998, this case was called, and petitioner appeared on his own behalf. In response to the Court's questions regarding his failure to respond to the Branerton letters and to comply with the Court's Standing Pre-Trial Order, petitioner explained that he had separated from his wife, had changed job locations, and was dependent upon his wife to inform him when he received mail at his Carson, California,

mailing address.[2]  Petitioner informed the Court that he intended to confer with respondent's counsel regarding stipulations and requested that the case be recalled so that he might do so.  The Court granted his request, directed the parties to meet and review whatever documents and information petitioner wanted to present, and ordered that the case be recalled for a report and/or trial on September 14, 1998.

On September 14, 1998, the case was recalled.  Neither of petitioners appeared.  Respondent's counsel reported that petitioner had met with respondent's counsel on Friday, September 11 and on Sunday, September 13.  On September 11, petitioner did not have any documentation with him, despite several earlier requests that he produce whatever documents he had to support his return positions and despite the Court's Standing Pre-Trial Order, which required the parties to exchange documents at least 15 days before the beginning of the trial session.  On September 13, petitioner finally presented some documentation purporting to demonstrate his entitlement to the deductions and exemptions at issue in this case.  According to respondent's counsel, some of the documents were clearly personal in nature, and the remaining documents were not organized to facilitate review.  After approximately 4 hours, respondent's counsel offered petitioners

---

[2]At the calendar call on Sept. 8, 1998, petitioner notified the Court of his new address.

"a nuisance settlement" and informed petitioner that he could call him at any time up to 11 p.m. if petitioners decided to accept the offer.  Petitioners did not respond to the offer.

Petitioner Clara S. Fajardo did not appear at any time during the trial session, nor did she respond to respondent's counsel's repeated attempts by letter and telephone to contact her concerning this case.

## Discussion

Rule 121(a) authorizes either party to move for a summary judgment in the moving party's favor upon all or any part of the legal issues in controversy.  Rule 121(b) requires that the opposing party file a written response within such period as the Court may direct and provides that a decision in favor of the moving party shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  See also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

The moving party bears the burden of showing that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law.  See

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (interpreting Fed. R. Civ. P. 56 on which Rule 121 was modeled); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).  With respect to issues on which the nonmoving party bears the burden of proof at trial, the party moving for summary judgment may satisfy his burden "by 'showing'--that is, pointing out to the * * * [trial] court--that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, supra at 325.  In deciding whether to grant summary judgment, we view the facts and the inferences drawn from them in the light most favorable to the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

On this record, we must grant respondent's motion for summary judgment.  Respondent's motion is grounded upon a complete lack of evidence in the record regarding the factual issues raised by the petition and on concessions deemed admitted under Rule 90.[3]  As the parties with the burden of proof at trial, see Rule 142(a), petitioners could not defend against respondent's motion for summary judgment by silence; they had an

---

[3]Six out of the seven requests for admissions were requests for concessions of legal liability.  Whether such requests are proper under Rule 90 is an issue we need not decide since the record before us is sufficient to grant respondent's motion for summary judgment without relying on the concessions.

obligation to respond imposed both by Rule 121 and by Court order.  A motion for summary judgment under Rule 121 requires the nonmoving party to demonstrate, by affidavit, deposition, answers to interrogatories, and admissions or other evidentiary materials satisfying the requirements of Rule 121, that there is a genuine issue of material fact for trial.  See Celotex Corp. v. Catrett, supra at 324.  Petitioners have failed to do so.

In Celotex Corp. the Supreme Court examined the burden imposed on a party moving for summary judgment under rule 56 of the Federal Rules of Civil Procedure with respect to issues on which the nonmoving party had the burden of proof at trial.  The case involved an asbestos action in which one of the corporate defendants had filed a motion for summary judgment without attaching affidavits or other similar material negating the plaintiff's claims.  The District Court granted the motion for summary judgment because there was no showing that the plaintiff's deceased husband was exposed to the defendant's product within the period of limitations.  The plaintiff appealed, and the Court of Appeals for the District of Columbia Circuit reversed, holding that the motion for summary judgment was defective because the moving party did not present any evidence to support its motion.

The Supreme Court granted certiorari and reversed, holding that the plain language of rule 56 of the Federal Rules of Civil Procedure compelled the result:

> Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
> * * *

Celotex Corp. v. Catrett, supra at 322-323.

Rule 121(b) and rule 56(c) of the Federal Rules of Civil Procedure impose identical standards using virtually identical language. The Supreme Court's decision in Celotex Corp. v. Catrett, supra, confirms that we may enter a summary judgment in favor of the moving party where the nonmoving party has the burden of proof at trial and fails to respond to a summary judgment motion as required by Rule 121.

For the reasons stated and to reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.