T.C. Memo. 2013-171

UNITED STATES TAX COURT

SEAN RICHARDS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 844-12.                    Filed July 24, 2013.

Sean Richards, for himself.

Michael R. Fiore, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge:  The Internal Revenue Service (IRS) determined a

deficiency of $4,500 in the 2009 Federal income tax of petitioner, Sean Richards,

[*2] pursuant to section 6213.[1]  The matter is currently before the Court on a motion for summary judgment filed pursuant to Rule 121 by respondent, the Commissioner of the IRS.  The issues for decision are:  (1) whether Mr. Richards is liable for the 10% additional tax on early distributions from qualified retirement plans, pursuant to section 72(t) (we hold that he is); (2) whether he is entitled to education credits against tax for "qualified tuition and related expenses", pursuant to section 25A (we hold that he is not); and (3) whether we have jurisdiction over his claim that "I never received any of the funds that the IRS claims they sent me" (we hold that we do not).  We will grant summary judgment in the Commissioner's favor.

## Background

The following facts are derived from the pleadings or have been asserted and supported by the IRS, and Mr. Richards has not disputed them.

### Mr. Richards's 2009 transactions

In 2009 Mr. Richards received a retirement distribution of $30,000 from a qualified retirement plan.  At that time Mr. Richards had not yet reached the age of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (26 U.S.C.), and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** 59-1/2. Our record does not show whether Mr. Richards made any education expenditures in 2009.

Mr. Richards's 2009 tax return

For 2009 Mr. Richards timely filed a Form 1040, "U.S. Individual Income Tax Return." To his return he attached a Form 1099-R, "Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.", which had been sent to him by the payor of the $30,000 distribution. A code "1" on the Form 1099-R indicated that the payment Mr. Richards received was an early distribution with no known exception from taxation. On his return Mr. Richards reported the $30,000 retirement distribution as income but did not report any liability for the "additional tax" for premature distributions.

To his 2009 return, Mr. Richards also attached a Form 8863, "Education Credits (American Opportunity, Hope, and Lifetime Learning Credits)", on which he reported "Qualified expenses" of $4,000 and claimed (in addition to a refundable credit not at issue) a nonrefundable education credit of $1,500.

On his 2009 return, Mr. Richards claimed an overpayment of $7,602 that he requested be refunded to him.

**[*4]** Administrative proceedings

When the IRS processed Mr. Richards's return, it corrected mathematical errors, assessed the resulting tax (greater than Mr. Richards had reported), and thereby reduced the overpayment to $5,816. Rather than refunding that overpayment to Mr. Richards, the IRS applied it to satisfy Mr. Richards's "non-IRS debt". Mr. Richards's filings in this case suggest that this debt was for child support.

Thereafter the IRS examined Mr. Richards's 2009 return. It determined that Mr. Richards was liable for the additional tax on premature retirement distributions. The IRS also determined that Mr. Richards's "educational institution did not verify the amount claimed on * * * [his] tax return, on Form(s) 1098-T, Tuitions [sic] Statement". Consequently, the IRS recalculated his liability and issued a notice of deficiency to him on December 19, 2011.

Court proceedings

Mr. Richards then timely filed his petition on January 9, 2012, asking this Court to redetermine that deficiency. As the explanation of Mr. Richards's disagreement with the IRS, the petition stated in its entirety:

> I feel I filed an honest tax return, to the best of my ability, and I never received any of the funds that the IRS claims they sent me.

**[*5]** At the time he filed his petition, Mr. Richards was incarcerated (and resided) in Massachusetts. This case was scheduled to be tried at the Court's trial session beginning October 15, 2012, in Boston, Massachusetts.

The Commissioner attempted to prepare for trial. On June 18, 2012, the Commissioner mailed a Branerton letter to Mr. Richards, requesting documentation to support Mr. Richards's claim that his $30,000 retirement distribution should not be subject to the 10% tax on a premature distribution. See Branerton v. Commissioner, 61 T.C. 691 (1974). In addition, the letter requested documentation supporting the education credits Mr. Richards claimed on his return. Mr. Richards did not respond.

On September 10, 2012, the Commissioner filed a motion to dismiss this case for failure to properly prosecute, alleging that Mr. Richards had been unresponsive and uncooperative in pretrial preparation, and Mr. Richards responded. We denied the Commissioner's motion by order of September 25, 2012, stating--

> Mr. Richards is incarcerated. On the one hand, this understandably impedes his ability to participate in this litigation, and the Court wishes to take that into account as appropriate. On the other hand, an incarcerated person is not entitled to forestall indefinitely the determination of his tax liability--and Mr. Richards's response makes no suggestion that his ability or inclination to

[*6] participate in this litigation is likely to improve any time soon. However, since this case has not been previously continued, we will remove it from the upcoming trial calendar beginning October 15, 2012, in order to facilitate, if possible, a decision of this case on its actual merits. It appears likely that the case can be disposed of by summary judgment under Rule 121; and if the IRS agrees, it can file a motion for summary judgment, thereby putting on Mr. Richards the duty and responsibility to respond with particularity.

The Commissioner filed a motion for summary judgment on October 16, 2012, setting out the facts recounted above. On October 18, 2012, we ordered as follows:

> On October 16, 2012, respondent (the IRS) filed a motion for summary judgment. The IRS's motion asserts that no trial is necessary in this case, because (the IRS says) no relevant facts are in dispute. The motion contends that, on the basis of the undisputed facts, the case can be decided in the IRS's favor. The Court will order petitioner Sean Richards to file a response to the IRS's motion.
>
> If Mr. Richards disagrees with the facts set out in the IRS's motion, then his response should point out the specific facts in dispute. If he disagrees with the IRS's argument as to the law, then his response should also set out his position on the disputed legal issues. Q&As that the Court has prepared on the subject "What is a motion for summary judgment? How should I respond to one?" are printed on the page attached to this order.
>
> Mr. Richards should note that Tax Court Rule 121(d) provides, "If the adverse party [i.e., Mr. Richards] does not so respond [to a motion for summary judgment], then a decision, if appropriate, may be entered against such party"--i.e., against Mr. Richards.
>
> To resolve the IRS's motion for summary judgment, it is

**[*7]**  ORDERED that, no later than November 16, 2012, Mr. Richards shall file with the Court and serve on the IRS a response to the IRS's motion for summary judgment.

As of this date, nine months has elapsed since we issued our order, but Mr. Richards has made no responsive filing.

## Discussion

### I.   Standard for summary judgment

Under Rule 121 (the Tax Court's analog to Rule 56 of the Federal Rules of Civil Procedure) the Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  The moving party (here, the Commissioner) bears the burden of showing that no genuine dispute as to any material fact exists, and the Court will view any factual material and inferences in the light most favorable to the nonmoving party (here, Mr. Richards).  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (same standard under Fed. R. Civ. P. 56).  "The opposing party [i.e., Mr. Richards] is to be afforded the benefit of all reasonable doubt, and any inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion for summary judgment." Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

**[\*8]** However, the non-moving party may not sit on his hands. He is required by Rule 121(d) to "set forth specific facts showing that there is a genuine dispute for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party." Despite having this requirement called to his attention, Mr. Richards failed to make any response to the IRS's motion for summary judgment.

As a general rule, a petitioner like Mr. Richards bears the burden of proof at his trial in a deficiency case. See Rule 142(a)(1). The Supreme Court has held that where the party who does not have the burden of proof (the Commissioner) has attempted discovery, but the party with the burden of proof (Mr. Richards) has not responded with evidence sufficient to carry his burden of proof, summary judgment may be granted in favor of the party who shows that discovery yielded no evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

## II.    Additional tax on premature distributions

Section 72(t)(1) imposes a 10% additional tax on any distribution from a "qualified retirement plan", unless that distribution satisfies one of the statutory exceptions in section 72(t)(2). Mr. Richards does not dispute that the payor plans were qualified retirement plans. See sec. 4974(c)(1). Since he received the distribution before age 59-1/2, he is not eligible for the first and most common of

**[*9]** those exceptions, see sec. 72(t)(2)(A)(i); and he does not show his eligibility for (nor does he even invoke) any of the other exceptions, see sec. 72(t)(2)(A)(ii)-(viii).  He is therefore liable for the 10% additional tax.

## III.    Education credits

Section 25A allows several different education credits against tax for "qualified tuition and related expenses paid by the taxpayer during the taxable year".  See sec. 25A(b)(1)(A), (c)(1), (i)(1)(A).  Section 25A(f)(1)(A) defines the term "qualified tuition and related expenses" to include "tuition and fees" for the taxpayer, his spouse, or his dependent at "an eligible educational institution for courses of instruction of such individual at such institution."  Mr. Richards did not substantiate the payment of such expenses during the IRS's examination, nor during the Commissioner's attempts at pretrial discovery, nor in response to the Commissioner's motion for summary judgment.  He is therefore not entitled to the education credits in dispute.

## IV.    Lack of refund jurisdiction

As is noted above, Mr. Richards's petition complains that "I never received any of the funds that the IRS claims they sent me", because the IRS evidently applied those amounts to pay for child support.  To the extent he asks us to adjudicate his right to a refund he did not receive, we lack jurisdiction to do so.

**[\*10]** First, section 6402(c) provides that "[t]he amount of any overpayment to be refunded \* \* \* shall be reduced by the amount of any past-due support" (emphasis added), see also 42 U.S.C. sec. 664(a)(1) (2006); and section 6402(g) provides that "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c)". This bars us from reviewing the reduction of Mr. Richards's 2009 overpayment to pay his child-support debt.

Second, we lack refund jurisdiction altogether. Under the tax litigation regime Congress created, the Tax Court's principal jurisdiction is over so-called "deficiency cases" that are brought, pursuant to section 6213(a), before tax is assessed. Congress has not given us an equivalent jurisdiction over refund suits. As we stated in Weber v. Commissioner, 138 T.C. 348, 366-367 (2012):

> "Congress has indeed established a detailed refund scheme that subjects complaining taxpayers to various requirements before they can bring suit." United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 11 (2008). In post-payment circumstances, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court [see 28 U.S.C. sec. 1346(a)(1) (2006)] or in the United States Court of Federal Claims [see id. secs. 1346(a)(1), 1491(a)(1)]." Clintwood Elkhorn, 553 U.S. at 4 (alterations in original).

**[*11]** To the extent Mr. Richards seeks a refund of the overpayment applied to pay his child-support debt, we cannot grant him relief.

## V. Failure to respond

The foregoing discussion resolves this case on its merits. In the alternative, we would reach the same outcome by dismissing the case, on our own motion, for Mr. Richards's failure to comply with our order of October 18, 2012, directing him to file a response to the Commissioner's motion for summary judgment. As we advised him in that order,

> Tax Court Rule 121(d) provides, "If the adverse party [i.e., Mr. Richards] does not so respond [to a motion for summary judgment], then a decision, if appropriate, may be entered against such party"-- i.e., against Mr. Richards.

In addition, Rule 123 ("Default and Dismissal") provides:

> (a) Default: If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper * * *

> (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court * * *, the Court may dismiss a case at any time and enter a decision against the petitioner. * * *

[*12] Notwithstanding the Commissioner's allegations of non-cooperation, the Court showed leniency to Mr. Richards by denying the Commissioner's motion to dismiss and gave Mr. Richards an opportunity to litigate the merits of his case, explaining to him the nature of the Commissioner's motion for summary judgment and the proper manner for responding to the motion.  Mr. Richards made no filing in response to the Court's order.  This circumstance warrants dismissal of the case for failure to comply with the Court's order.

## Conclusion

The Commissioner is entitled to summary judgment.  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.